862 So.2d 545 (2003)
Bonnie HARVEY, Appellant,
v.
STONE COUNTY SCHOOL DISTRICT, Appellee.
No. 2002-CA-01777-COA.
Court of Appeals of Mississippi.
October 14, 2003.
Rehearing Denied January 6, 2004.
*546 Bonnie Harvey, Appellant, pro se.
Walter William Dukes, Gulfport, Trace D. McRaney, attorneys for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
*547 GRIFFIS, J., for the Court.
¶ 1. Bonnie Harvey appeals the dismissal with prejudice of her complaint for personal injuries filed against the Stone County School District (the District). We find that the circuit judge abused his discretion, and therefore, we reverse and remand for further proceedings.

FACTS
¶ 2. Harvey was a cheerleader at Stone County High School. She was injured during cheerleading practice, while at school. On April 11, 2001, Alicia and Vic Harvey, as Harvey's legal guardians, filed a complaint against the District alleging negligence and requesting damages. The complaint was filed by counsel representing the Harveys. The following is a chronology of events that occurred in this case through the date of dismissal by the circuit court.
a. On May 4, 2001, the District served Harvey's counsel its answer and affirmative defenses and discovery requests, including interrogatories and requests for production of documents.
b. On June 14, 2001, the District sent Harvey's counsel a good faith letter, in accordance with the rules, requesting a response to the discovery requests.
c. On August 17, 2001, Harvey's counsel filed a motion to withdraw.
d. On February 27, 2002, the circuit court entered an order allowing Harvey's counsel to withdraw and granted Harvey thirty days to engage new counsel.
e. On April 2, 2002, Harvey filed a motion for enlargement of time to appoint substitute counsel.
f. On May 3, 2002, the circuit court entered an order allowing Harvey until June 15, 2002, to have substitute counsel enter an appearance.
g. On June 18, 2002, Harvey, now over the age of eighteen, filed an entry of appearance where she stated her intention to proceed pro se.
h. On June 19, 2002, the District sent Harvey another good faith letter asking that she provide her discovery responses on or before June 29, 2002.
i. On July 3, 2002, the District filed a motion to compel and noticed a hearing on the motion for July 15, 2002.
j. Harvey failed to appear at the July 15th hearing. The Honorable Jerry Terry, circuit judge, entered an order compelling Harvey to provide her discovery responses within fourteen days, "failing which her claim faces dismissal."
k. On July 31, 2002, the District received Harvey's discovery responses. The material received included answers to interrogatories and copies of documents such as Harvey's medical bills. The envelope was postmarked July 30, 2002.
l. On August 7, 2002, the District filed a motion to dismiss pursuant to Mississippi Rules of Civil Procedure 37 and 41. The District noticed the hearing without a date certain. Accordingly, there is no record that an actual hearing on the motion was ever noticed or held.
m. An order granting the motion to dismiss, entered by the Honorable Stephen Simpson, circuit judge, was filed on September 24, 2002.
n. A final judgment dismissing the claim with prejudice was entered on September 10, 2003, and filed on September 24, 2003.
*548 ¶ 3. The District asked the court to dismiss Harvey's claim under Rules 37 and 41 of the Mississippi Rules of Civil Procedure. The District's motion asserted that dismissal was warranted because (a) Harvey's discovery response was postmarked one day after the deadline imposed in the court's July 15th order; (b) Harvey did not provide a written response to the request for production of documents; (c) Harvey failed to comply with Mississippi Rule of Civil Procedure 33 because her interrogatories were not sworn; and (d) Harvey violated Uniform Circuit and County Court Rule 4.04(B) because she failed to set forth the text of the interrogatory before her answers. The District argued that dismissal of this action is appropriate based on the plaintiff's refusal to comply with the court's order.

ANALYSIS
¶ 4. Our review of the circuit court's decision to dismiss Harvey's claim with prejudice, due to a discovery violation, begins with the pertinent language of Rules 37 and 41 of the Mississippi Rule of Civil Procedure. Rule 37(b)(2) provides:
[i]f a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
(C) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
(D) in lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders.
In lieu of any of the foregoing orders or in addition, thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
¶ 5. Rule 41(b) of the Mississippi Rules of Civil Procedure provides "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."
¶ 6. Accordingly, Rule 37(b)(2) gives the circuit judge several options to compel a party to comply with discovery. Rules 37(b)(2)(C) and 41(b) provide that a court may enter an order dismissing the action when a party refuses to comply with an order compelling discovery. We note that these rules give trial judges much discretion, but such is not unbridled.
¶ 7. To determine whether the trial judge abused his discretion, our review must consider Pierce v. Heritage Properties, Inc., 688 So.2d 1385 (Miss.1997). In Pierce, the supreme court upheld a trial court's dismissal of a case with prejudice due to the plaintiff's failure to comply with discovery. The court held:
The decision to impose sanctions for discovery abuse is vested in the trial court's *549 discretion. White v. White, 509 So.2d 205, 207 (Miss.1987). The provisions for imposing sanctions are designed to give the court great latitude. Id. at 207. The power to dismiss is inherent in any court of law or equity, being a means necessary to orderly expedition of justice and the court's control of its own docket. Palmer v. Biloxi Regional Medical Center, 564 So.2d 1346, 1367 (Miss.1990). Nevertheless, the trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances. Hapgood v. Biloxi Regional Medical Center, 540 So.2d 630, 634 (Miss.1989); White, 509 So.2d at 209.
Pierce, 688 So.2d at 1388. Pierce's case was dismissed because the court found that she "consistently obstructed the progress of the litigation by filing admittedly false responses to various discovery requests and by swearing to false testimony in depositions." Id. at 1390.
¶ 8. The Mississippi Supreme Court has held that "[t]he power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket." Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986) (citation omitted). However, the supreme court also held that:
The law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly. There is no set time limit for the prosecution of an action once it has been filed, but where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld.
Watson, 493 So.2d at 1279 (citations omitted). Dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim, and is reserved for the most egregious cases, usually where clear delay and ineffective lesser sanctions are present. Am. Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180-81 (¶ 12) (Miss.1998). We must consider the extent to which the plaintiff, as distinguished from her counsel, was personally responsible for the delay. Id.
¶ 9. The court's dismissal occurred while Harvey was representing herself. The supreme court has held that "[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties." Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). However, the supreme court has also held that we will "credit not so well pleaded allegations so that a [pro se ] prisoner's meritorious complaint may not be lost because inartfully drafted." Ivy v. Merchant, 666 So.2d 445, 449 (Miss. 1995). Our courts will also allow the same deference to pro se litigants in civil actions. Zimmerman v. Three Rivers Planning and Dev. Dist., 747 So.2d 853, 856 (¶ 6) (Miss. Ct.App.1999).
¶ 10. Here, there is no allegation that Harvey lied or committed any willful violation of the discovery rules. Cf. Pierce, 688 So.2d at 1390. Instead, our review of the circuit court's dismissal is based on whether Harvey disobeyed the order compelling discovery, whether her conduct was sufficient to constitute dilatory or contumacious conduct, or whether she repeatedly disregarded the procedural directives of the court. Watson, 493 So.2d at 1279.
¶ 11. We will consider these in a different order than stated above. First, we will consider whether Harvey repeatedly disregarded the procedural directives of *550 the court. The record indicates that there was but one order entered compelling discovery, and it was the July 15th order. When the court entered the order dismissing the case, Harvey had attempted to comply with the order and had produced discovery. The District argues that Harvey did not provide a written response to the request for production of documents, she failed to submit sworn interrogatory answers, and she failed to set forth the text of the interrogatory before her answers. These "violations" do not support a finding that Harvey "repeatedly" disregarded the procedural directives of the court.
¶ 12. Next, we will consider whether Harvey disobeyed the court's order compelling discovery. The District contends, in addition to the arguments made in the preceding paragraph, that Harvey failed to comply with the court's July 15th order to provide discovery responses within fourteen days, by July 29, 2002. The District admits that Harvey submitted discovery responses, which its attorneys received by July 31st, but contend that Harvey failed to comply with the order because her envelope was postmarked July 30th. In essence, the District asks for dismissal because a pro se plaintiff was arguably one day late in filing discovery responses.
¶ 13. There is no evidence in the record as to when Harvey actually mailed the envelope. It is possible that the envelope was deposited in a mailbox on the 29th, but not postmarked until the 30th. Rule 5(b) provides that "[s]ervice by mail is complete upon mailing." The postmark date does not determine the date of service. Furthermore, if the postmark date did determine the date of service, being one day late in service of discovery responses cannot be deemed a sufficient violation of the Rules to warrant dismissal with prejudice.
¶ 14. The District also argues that Harvey disobeyed the court's order because she did not provide a written response to the request for production of documents, she failed to submit sworn interrogatory answers, and she failed to set forth the text of the interrogatory before her answers. The District does not argue that prejudice resulted. Certainly, the District was not prejudiced because Harvey's discovery response was postmarked one day after the deadline imposed in the court's July 15th order. Likewise, since the District received documents from Harvey, it is difficult to argue that not receiving a written response to the request for production of documents, from a pro se litigant, could possibly cause prejudice. Likewise, the fact that Harvey prepared, signed and filed her own interrogatory answers could not create any prejudice simply because the answers were not sworn. The assertion that a dismissal is warranted because a pro se plaintiff violated Uniform Circuit and County Court Rule 4.04(B) by failing to set forth the text of the interrogatory before her answers simply lacks merit. Considering that Harvey acted pro se, these violations cannot be deemed sufficient to warrant dismissal with prejudice.
¶ 15. Finally, we consider whether the record demonstrates that Harvey was dilatory and contumacious. As discussed above, Harvey did violate several discovery rules. However, we found that none of these violations was sufficient to warrant dismissal. The clear language of Rule 37(b)(2) gives the trial court several options to handle a litigant that does not cooperate in discovery. Watson and Days Inn of Winona require the trial court to consider other alternatives before summarily dismissing a case, thereby depriving a litigant of his rights. Indeed, in Pierce, where the court upheld the dismissal with prejudice because of discovery *551 violations, the supreme court agreed that dismissal was appropriate only after it considered and accepted the trial judge's determination that alternative sanctions would not have been appropriate. Pierce, 688 So.2d at 1388. There was no such consideration here.
¶ 16. This Court is less likely to uphold a Rule 41(b) dismissal when the lower court does not consider alternative sanctions. Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030 (¶ 16) (Miss. 1999). The trial court has the option to assess fines, costs, damages, conditional dismissal, dismissals without prejudice, and/or warnings. Wallace v. Jones, 572 So.2d 371, 377 (Miss.1990). Here, the trial judge made no effort to entertain appropriate alternative sanctions. The trial judge failed to even consider that Harvey had attempted to comply with the court's order by providing answers to interrogatories and by producing documents. Indeed, when the motion to dismiss was filed, Harvey was not in contempt of the court's order. Harvey had in fact served discovery responses and documents on the District. The appropriate remedy should have been a motion to strike or a motion to compel more complete answers. No alternatives were considered.
¶ 17. In McFadden v. State, 580 So.2d 1210, 1214 (Miss.1991) (quoting Haines v. Kerner, 404 U.S. 519, 529, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), the supreme court recognized that pleadings filed by pro se litigants are to be held "to less stringent standards than formal pleadings drafted by lawyers." In this appeal, the District seeks to hold Harvey, a pro se litigant, to a higher standard that trial courts would typically hold litigants represented by counsel.
¶ 18. Alternative sanctions were available to the trial judge, and such options should have been considered or attempted before the court dismissed a pro se litigant's claim with prejudice. The circumstances presented in this case simply did not warrant such an extreme and harsh remedy as a dismissal with prejudice. For all of the reasons set forth herein, we find that the ruling of the lower court was an abuse of discretion. Therefore, we reverse and remand this case for further proceedings consistent herewith.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY IS REVERSED AND REMANDED. ALL COSTS ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.