966 So.2d 1252 (2007)
Alison Suzanne Bass KLEIN, Appellant
v.
Michael Ray McINTYRE, Jr., Appellee.
No. 2006-CP-01775-COA.
Court of Appeals of Mississippi.
October 16, 2007.
*1253 Alison Suzanne Bass Klein, Appellant, pro se.
Gary L. Honea, Magnolia, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Alison Susan Bass Klein appeals an order from the Chancery Court of Amite County transferring full custody of her two minor children to her ex-husband, Michael Ray McIntyre, Jr. Klein asserts that the chancellor erred by: (1) entering a consent judgment when she did not agree to the terms of the order, and (2) not considering the best interest of the children before modifying the custody agreement. We dismiss the appeal and remand the case to the Chancery Court of Amite County for further proceedings consistent with this opinion.

FACTS
¶ 2. Klein and McIntyre were married on July 13, 1994. They had two children, Michael Ray McIntyre, III and Brandon James McIntyre. After a period of separation, their divorce became final on March 14, 2005. Klein and McIntyre were awarded joint custody of their children by their agreement which was incorporated into the divorce decree. Some time after the divorce, Klein married her current husband and moved to St. Francisville, Louisiana.
¶ 3. McIntyre then filed a complaint to modify custody alleging that a substantial and material change in circumstances had occurred such that the joint custody arrangement was unworkable. The chancellor entered two orders, both prepared by McIntyre's attorney. No transcript of any hearing is before this Court.
¶ 4. The first order was executed by the chancellor on September 11, 2006, and was filed with the clerk on September 12th. This order states that "the parties hav[e] announced to the Court prior to a trial of this matter that they had reached an agreement with regards to all matters in controversy. . . ." The order concluded that a substantial and material change in circumstances has occurred and that custody should be modified and full custody granted to McIntyre. The order also set a visitation schedule. The order concluded with the statement that the chancellor reserved jurisdiction over financial matters and ordered financial information submitted within ten days for child support, *1254 school tuition and other financial matters. The order then contains the following:
THUS ORDERED, ADJUDGED AND DECREED on this, the 15th day of February, A.D., 2006 and reduced to writing on 9-11-06.
The order was signed by the chancellor. The order also contains signature lines for the attorneys. Before their signature, the order states "Approved as to Form:" then each attorney signed the order, and Klein's attorney hand wrote "Approved as to Form Only."
¶ 5. The second order was also executed by the chancellor on September 11, 2006, and was filed with the clerk on September 13th. This order states that the court after considering McIntyre's petition to modify custody "does hereby FIND, ADJUDICATE, and DECREE, as follows:". The chancellor then modified the support owed and required (1) each parent to pay one-half of the medical expenses and one-half of private school tuition, and (2) Klein to pay $200 per month in child support. As with the first order, the second order also contains signature lines for the attorneys. Before their signature, the order states "Approved as to Form:" then each attorney signed the order, and Klein's attorney hand wrote "Approved as to Form Only." The second order does not contain any language to indicate that the parties agreed to the relief granted.
¶ 6. As part of her pro se brief, Klein submitted a letter from her attorney dated August 30, 2006. The letter is dated before the orders were executed and filed with the clerk. The letter states:
I have enclosed copies of the agreed judgment and of the judgment reflecting the recent ruling by the Judge in your case. You will note that I signed them, but stated they were approved as to form only which means that you do not agree with the content of the orders.
Your husband called today and advised my office that you planned to file an appeal of the judge's ruling yourself. As such, I wanted to make sure you were aware of the requirements and time frames associated with this appeal. . . .
I am sorry that you are unhappy with the outcome of your case. Under the circumstances, I do feel that the judge considered all the issues we presented to her and took them into account in making her decision. . . .
It is from both of these orders that Klein appeals.

STANDARD OF REVIEW
¶ 7. Matters involving child custody are within the sound discretion of the chancellor. Sturgis v. Sturgis, 792 So.2d 1020, 1023(¶ 12) (Miss.Ct.App.2001). A chancellor's findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. Sanderson v. Sanderson, 824 So.2d 623, 625(¶ 8) (Miss.2002). This Court will not disturb the findings of a chancellor when supported by substantial credible evidence unless the chancellor abused her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Id. at 625-26(¶ 8). Legal questions are reviewed de novo. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002).

ANALYSIS
1. Was the chancellor clearly erroneous in finding that Klein agreed to the consent judgment?
¶ 8. Klein argues that the chancellor erred in entering the orders regarding custody and support because she did not agree to the content of those orders. Specifically, she claims that because her attorney signed the orders "Approved as to *1255 Form Only," she should not be bound by the terms of the agreement. McIntyre's response is that the September 12th and 13th orders were an agreement between the parties.
¶ 9. Before we begin our analysis, we must recognize that our review must consider the fact that Klein acts as her own counsel in this appeal, arguably she acted as her own counsel since before the orders were entered. In Harvey v. Stone County Sch. Dist., 862 So.2d 545, 549(¶ 9) (Miss.Ct. App.2003), this Court ruled:
The supreme court has held that "pro se parties should be held to the same rules of procedure and substantive law as represented parties." Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). However, the supreme court has also held that we will "credit not so well pleaded allegations so that a [pro se] prisoner's meritorious complaint may not be lost because inartfully drafted." Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995). Our courts will also allow the same deference to pro se litigants in civil actions. Zimmerman v. Three Rivers Planning and Dev. Dist., 747 So.2d 853, 856(¶ 6) (Miss.Ct.App. 1999).
Later in Harvey, we stated, "[i]n McFadden v. State, 580 So.2d 1210, 1214 (Miss. 1991) (quoting Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), the supreme court recognized that pleadings filed by pro se litigants are to be held `to less stringent standards than formal pleadings drafted by lawyers.'" Harvey, 862 So.2d at 551(¶ 17).
¶ 10. Our review is limited by the fact that we have no transcript of the proceedings that occurred before the chancellor. The record contains only a copy of the docket sheet, the September 12, 2006 order, the September 13, 2006 order, and the notice of appeal.
¶ 11. McIntyre's "Statement of the Case" summarizes the state of the proceedings before us as follows:
Due to the fact there was no transcript taken in the modification hearing in this case, and further that in both the original Final Decree of Divorce, containing property settlement, child custody and support agreements, and the modification Orders appealed from in this appeal were of an agreed nature, [McIntyre] will not present a formal Statement of the Case here. Rather, he will incorporate the Statement of the Evidence as found in his Supplemental Record Excerpts filed with his Brief.
McIntyre's "Supplemental Record Excerpts" added the parties' "Final Decree of Divorce" and a document entitled "Statement of the Evidence under Miss. R.App. P., Rule 10(c)",[1] signed by McIntyre's attorney. *1256 In the statement, McIntyre's attorney provided a recitation of the proceedings between the parties prior to the motion for modification. The statement provides the following information about the hearings on the motion for modification:
At the hearing on the various pleadings presented on the modification issues, in the absence of a direct transcript of same, due to the facts the parties announced a settlement, McIntyre respectfully submits the Chancellor made the following findings:
1. That there had been a material change of circumstances between the parties since the Final Decree of Divorce;
2. That full custody of Michael and Brandon was awarded to McIntyre, subject to the outlined visitation rights of Klein;
3. Klein was ordered to pay the amount of $200.00 per month in child support;
4. Klein was ordered to pay one-half the school tuition and related expenses;
5. Klein was ordered to pay one-half of any non-covered medical expenses of the minor children; and
6. Other incidental items were ordered in the two Orders of the Court.
¶ 12. McIntyre argues that the orders were agreed to by the parties. McIntyre claims that Klein is simply trying to relitigate issues that were settled by the agreed judgments entered by the chancellor. We must look to the chancellor's orders.
¶ 13. The first order, signed by the chancellor on September 11, 2006, appears to have been agreed to by the parties at an earlier date. The order states:
THUS ORDERED, ADJUDGED AND DECREED on this, the 15th day of February, A.D., 2006 and reduced to writing on 9-11-06.
The order was signed by the chancellor seven months after it was apparently discussed or agreed upon at a hearing before the chancellor. If we had a transcript of the events that occurred at the February 15th hearing, we could be certain whether there was in fact an agreement between the parties. Without the transcript, we must rely on the written documents and make our ruling accordingly.
¶ 14. In Samples v. Davis, 904 So.2d 1061, 1065-66 (¶¶ 14-15) (Miss.2004), the Mississippi Supreme Court held that where the terms of agreement are not announced in open court and neither the party nor his attorney has signed the agreement, the consent judgment is void because there is no substantial evidence that an agreement ever existed. The first order indicates that the parties' agreement may have been announced in open court. Since we do not have a transcript of the hearing that indicated an agreement, we cannot know exactly what was announced. The order states that "the parties hav[e] announced to the Court prior to a trial of this matter that they had reached an agreement with regards to all matters in controversy. . . ." This language indicates that the parties may indeed have reached an agreement. However, the record does not include the transcript of what agreement was announced. No order was prepared at or about the time of the alleged agreement. Instead, the only order was executed seven months after the agreement.
¶ 15. The order itself does not indicate Klein's full agreement. The order was signed by Klein's attorney but with a clear limitation, "Approved as to Form Only." If the order was signed without limitation, we would not hesitate to enforce it. However, such is not the case here. *1257 We must consider the limitation imposed on the order. We hold that the lack of Klein's execution of the order and the limitation imposed by Klein's counsel indicates that Klein did not fully and completely agree and consent to the entry of the order.
¶ 16. Nevertheless, in McDonald v. McDonald, 850 So.2d 1182, 1189(¶ 24) (Miss. Ct.App.2002), this Court held that an agreement announced in open court is binding on a party regardless of whether he signs the agreement. This is so despite the party's later withdrawal of consent. "Absent any showing that the final written order [does] not reflect the agreement announced in court, or any identification of a matter cognizable under Rule 60 that could lead to setting aside a consent decree after being entered . . . the parties [are] bound by their agreement." Id. at 1189(¶ 26). We believe that McDonald may be distinguished because, in the case before us, the delay in execution of the order coupled with the "Approved as to Form Only" limitation indicates that the order may not reflect the agreement announced in court.
¶ 17. In light of the fact that Klein has acted as her own counsel, since apparently before the orders were entered, we must give her some deference and not allow her meritorious claim to be lost because it may have been inartfully drafted. See Harvey, 862 So.2d at 549(¶ 9). Mississippi law permits a party to obtain relief from a consent judgment through Rule 60(b) of the Mississippi Rules of Civil Procedure. Rushing v. Rushing, 724 So.2d 911, 915-16 (¶¶ 19-23) (Miss.1998). Such relief may only be granted if the judgment should be set aside for one of the grounds listed in Rule 60(b), such as fraud, misrepresentation, misconduct, accident or mistake. It must appear from the record that there is sufficient evidence to support a claim under Rule 60(b). Askew v. Askew, 699 So.2d 515, 520(¶ 22) (Miss.1997). Rather than consider the first order on the merits, this Court is of the opinion that Klein's notice of appeal must be construed as a motion for relief from an order under Rule 60 of the Mississippi Rules of Civil Procedure. Only after the chancellor considers this matter under Rule 60 may this Court consider the merits of Klein's appeal of the order executed on September 11, 2006 and filed of record on September 12, 2006.
¶ 18. Accordingly, we dismiss the appeal and remand this case to the Chancery Court of Amite County for further proceedings consistent with this opinion.
¶ 19. Further, to aid the chancery court in its consideration on remand, we also briefly examine the second order that was also executed by the chancellor on September 11, 2006 and was filed with the clerk on September 13th. This order does not indicate that it was the product of an agreement between the parties. Indeed, the first order indicated that the chancellor reserved the right to rule on child support and required further submission of financial information. The second order states that the court after considering McIntyre's petition to modify custody "does hereby FIND, ADJUDICATE, and DECREE, as follows:". The chancellor then modified the support owed and required (1) each parent to pay one-half of the medical expenses and one-half of private school tuition, and (2) Klein to pay $200 per month in child support. This language, coupled with McIntyre's "Statement of the Evidence under Miss. R.App. P., Rule 10(c)," indicates that the order was the product of the chancellor's consideration of evidence presented and that the chancellor made a ruling based on her factual and legal conclusions.
¶ 20. However, the evidence to support such additional factual and legal *1258 conclusions are not present in the limited record before us. If, as it appears, the order was not the result of the parties' agreement, the chancellor was required to make specific findings of fact to support the modification of a child support award. Miss.Code Ann. § 43-19-101 (Rev.2004). Section 43-19-101 contains the statutory guidelines for child support awards. In Wallace v. Bond, 745 So.2d 844, 847(¶ 11) (Miss.1999), the supreme court held that this statute "provides that, where the amount specified in the guidelines is increased or decreased, the chancellor should make a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate." Here, the chancellor failed to make specific findings of fact as to why the child support award was less than the amount required by statute. Without such findings, this Court is unable to determine whether the modification of child support is justified. See Wallace, 745 So.2d at 847(¶ 13).
¶ 21. "A court cannot `draft a contract between two parties where they have not manifested a mutual assent to be bound.'" Palmere v. Curtis, 789 So.2d 126, 132(¶ 12) (Miss.Ct.App.2001) (quoting A. Copeland Enters. v. Pickett & Meador, Inc., 422 So.2d 752, 754 (Miss.1982)). Where it is clear from the record that a party did not agree to the terms of the consent judgment, this Court will not uphold such judgment. See id.; Samples, 904 So.2d at 1061. The language of the second order does not lead to a conclusion that it was an agreed order. The language coupled with the signature that it was "Agreed as to Form Only" indicates that Klein did not voluntarily consent and agree to its terms.
¶ 22. If the orders were signed by Klein and they showed her express agreement to the terms and conditions of the orders, we would not hesitate to enforce the terms of the agreed orders upon her. However, based on the record before us, there is a strong basis for this Court to have doubt whether the orders were in fact an agreement by and between the parties. The only acknowledgment of an agreement was the fact that Klein's attorney signed the order but her signature was limited in that she expressly stated that it was "Approved as to Form Only." This limitation does not indicate that the order was entered as the voluntary act and deed of Klein.
2. Did the chancellor err by not considering the best interest of the children?
¶ 23. Due to the fact that the Court has dismissed this appeal and remanded to the chancery court for further proceedings, we decline to address this issue.
¶ 24. THE JUDGMENT OF THE AMITE COUNTY CHANCERY COURT IS DISMISSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. THE COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Rule 10(c) provides:

Statement of the Evidence When No Report, Recital, or Transcript Is Available. If no stenographic report or transcript of all or part of the evidence or proceedings is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including recollection. The statement should convey a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or his counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. If the appellee objects to the statement as filed, the appellee shall file objections with the clerk of the trial court within 14 days after service of the notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this Rule.