ROBERTS, J.,
for the Court:
¶ 1. On May 28, 2010, Willie. H. Jones II was terminated from his employment as a teacher in the Hinds County School District (District). Jones subsequently filed for unemployment benefits; however, after an investigation, the Mississippi Department of Employment Security (MDES) denied Jones unemployment benefits because Jones was terminated due to misconduct. Jones appealed this decision to an administrative- judge (AJ), who affirmed the MDES’s decision to deny Jones unemployment benefits. Jones again appealed to the MDES Board of Review, which also affirmed the AJ’s findings of fact and conclusions of law. Jones then appealed this decision to the Hinds County Circuit Court. The circuit court affirmed the denial of Jones’s unemployment benefits. *225 Finding no error, we affirm the circuit court’s judgment affirming the Board’s decision.
FACTS AND PROCEDURAL HISTORY
¶ 2. Jones was employed by the District as an educator from July 31, 2006, until his termination on May 28, 2010. On May 7, 2010, Jones received a written notice that he had been placed on a teacher-improvement plan to improve his communication skills. Jones was also informed that he was to begin the improvement plan immediately, even though it was close to the end of the school year. Jones vehemently disagreed with his placement on the improvement plan, and informed Cindy Gibson, the Teacher Quality Assurance Administrator, that he would not comply with the improvement plan. She told him that he would need to speak to the District’s superintendent, Dr. Stephen Handley. Jones contacted Dr. Handley, who instructed him to make a good-faith effort to comply with the improvement plan, and that at the end of the current school year, which was approximately two more weeks, Dr. Handley would reevaluate the need for Jones to stay on the improvement plan. Dr. Handley also informed Jones that the failure to comply with the improvement plan could result in termination of his employment.
¶ 3. Jones refused to comply with any portion of the improvement plan, and allegedly filed a grievance with the Hinds County School Board (Board) on May 14, 2010. As a result of Jones’s refusal to complete any portion of the improvement plan, Jones’s employment as an educator for the District was terminated on May 28, 2010. Jones appealed his termination to the Board, and a hearing was held before the Board on June 25, 2010. The Board issued its decision upholding Jones’s termination on August 12, 2010.
¶ 4. Jones applied for unemployment benefits on July 26, 2010. Following an investigation, the MDES determined Jones was terminated for misconduct, specifically for his refusal to comply with the improvement plan as requested. Jones appealed the MDES’s determination to an AJ. A de novo hearing was conducted before the AJ on September 23, 2010. The AJ heard testimony from Jones, Dr. Handley, and Gibson, and reviewed a variety of documents submitted by the parties. The AJ affirmed the denial of Jones’s unemployment benefits due to his misconduct in failing to comply with the improvement plan.
¶ 5. Jones appealed the AJ’s findings to the Board of Review. The Board of Review adopted the AJ’s findings of fact and conclusions of law, and it affirmed the decision to deny Jones unemployment benefits. On December 3, 2010, Jones appealed to the circuit court. The circuit court affirmed the denial of unemployment benefits. It is from this decision that Jones bases his current appeal. On appeal, he raises the following issues, which we quote:
I. Whether the finding of the [AJ] was based on fraudulent, created, and seemingly defamating [sic] late information provided by the [District and the Board].
II. Whether the [AJ] wronged [sic] in her interpretation of the law that [Jones’s] official grievance submit-tal [sic] to the secretary of the [Board], on May 14, 2010[,] did not negate the process of continuing any plan until heard before the [Board] as according to Mississippi Code of 1972-Grievance Procedures-Licensed Personnel.
III. Whether [Jones] was place on a[n improvement plan] with nineteen *226 other [e]ducators by the principal and did not [complete] any portion of said [improvement plan], with all others completing their plans.
IV. Whether [the AJ] based her finding of the facts clearly and solely on the information submitted to MDES prior to the hearing and testimony given during the hearing according to the rules of evidence that governs a “de novo” hearing.
V. Whether during the “de novo” hearing, were witnesses of the [District] allowed to be in the same room during each otherf’s] testimony and coached on their responses even after being warned by the [AJ], especially during the testimony of [Gibson].
VI. Whether [Jones] received adequate notice by MDES that Judge Gary Holmes Jr. was removed or replaced as the presiding [j]udge in this matter.
STANDARD OF REVIEW
¶ 6. An appellate court reviews the circuit court’s judgment to affirm the Board of Review’s decision utilizing the abuse of discretion standard. Miss. Dep’t of Emp’t Sec. v. Clark, 13 So.3d 866, 870 (¶ 8) (Miss.Ct.App.2009) (citing Howell v. Miss. Emp’t Sec. Comm’n, 906 So.2d 766, 769 (¶ 7) (Miss.Ct.App.2004)). The MDES’s findings should not be disturbed unless they are: (1) not supported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) in violation of the claimant’s constitutional rights. Allen v. Miss. Emp’t Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994) (citations omitted).
ANALYSIS
¶ 7. While Jones submits a variety of arguments, we note that he did not provide a single citation to any authority in support of his arguments. Mississippi Rule of Appellate Procedure 28(a)(6) provides that the argument portion of an appellant’s brief “shall contain the contentions of [the] appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” (Emphasis added). “Mississippi case law has consistently held that ‘failure to cite any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment.’ ” Norwood v. Miss. Dep’t of Emp’t Sec., 105 So.3d 408, 410 (¶ 5) (Miss.Ct.App.2012) (quoting Taylor v. Kennedy, 914 So.2d 1260, 1262 (¶ 4) (Miss.Ct.App.2005)). Jones filed his brief pro se, and the Mississippi Supreme Court has held that on appeal, an appellate court “will credit not so well pleaded allegations so that a pro se prisoner’s meritorious complaint may not be lost because inartfully drafted. Our courts will also allow the same deference to pro se litigants in civil actions.” Klein v. McIntyre, 966 So.2d 1252, 1255 (¶ 9) (Miss.Ct.App.2007) (quoting Harvey v. Stone Cnty. Sch. Dist., 862 So.2d 545, 549 (¶ 9) (Miss.Ct.App.2003) (internal citations and quotation marks omitted)).
¶ 8. Although Jones filed his brief pro se, the Mississippi Supreme Court has stated on numerous occasions that “pro se parties should be held to the same rules of procedure and substantive law as represented parties.” Id. (quoting Harvey, 862 So.2d at 549 (¶ 9)). Therefore, we find that Jones’s failure to cite to a single authority acts as a procedural bar to his claims, and this Court will not address them on appeal.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED.
*227 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.