GRIFFIS, P.J.,
for the Court:
¶ 1. Heidi Matlock brings this pro se appeal to challenge the chancellor’s judgment that found her to be in contempt and in arrears for failing to pay child support for her minor child and ordered the minor child’s birth certificate to be corrected to his original name given at birth. We affirm.
FACTS
¶ 2. This case considers the custody of a minor, whom we will refer to as “Jason” to maintain his confidentiality. Jason was born on March 3, 1996. Heidi is his mother. Kevin Flake is his father. Gordon and Nancy Flake (the “Flakes”) are his paternal grandparents. Jason had resided with the Flakes since 1998.
¶ 3. On July 9, 2002, Heidi and the Flakes filed a joint petition for custody. The petition asked that Jason be placed in the custody of the Flakes. The chancellor entered an order that awarded temporary custody of Jason to the Flakes and ordered Heidi and Kevin to pay child support.
¶ 4. On December 4, 2008, the Mississippi Department of Human Services (MDHS) filed a petition for contempt against Heidi. The petition alleged that Heidi was $20,914.96 in arrears on her child-support obligation. In this action, during her appeal,[1] Heidi revealed that she had changed Jason’s birth certificate in Tennessee. The birth certificate changed *475 Jason’s last name and listed Heidi’s current husband as Jason’s father.
¶ 5. On May 5, 2009, the Flakes filed a motion that asked the chancellor to restore Jason’s birth certificate to its original state. The motion included an affidavit signed by Kevin; in the affidavit, Kevin testified that he was Jason’s natural father, and the birth certificate was altered without his knowledge or consent.
¶ 6. On August 24, 2009, the chancellor entered a judgment of contempt against Heidi. The order found that Heidi was $10,164.84 in arrears for delinquent child support. The chancellor also continued his consideration of the birth-certificate issue until October 27, 2009. At that time, the chancellor entered an order that granted the motion to change Jason’s birth certificate to his original name.
¶ 7. On November 12, 2009, the chancellor granted Heidi the right to file an indigent appeal. On November 16, 2009, the Tate County Chancery Clerk signed and filed a pleading that indicated a notice of appeal had been filed with the Supreme Court of Mississippi.
STANDARD OF REVIEW
¶ 8. In domestic-relations cases, this Court “will not disturb a chancellor’s judgment when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous, or [applied] an erroneous legal standard^]” Rolison v. Rolison, 105 So.3d 1136, 1137 (¶ 4) (Miss.Ct.App.2012) (citations and quotations omitted). Questions of law, however, are reviewed de novo. Price v. Price, 22 So.3d 331, 332 (¶ 8) (Miss.Ct.App.2009) (citation omitted).
DISCUSSION
¶ 9. Heidi has filed an initial and reply brief, both pro se. The initial brief is titled “Plaintiffs Trial Memorandum,” and it indicates that it is filed “In the United States District Court of Appeals Mississippi Supreme Court at Jackson.”
¶ 10. Heidi’s brief states the following issues:
1. Do the actions of Gordon and Nancy Flake constitute a deprivation of civil rights pursuant to 42 U.S.C. § 1985(3)?
2. Can the Plaintiff seek attorney’s fees and court costs under 42 U.S.C. § 1988(b)?
3. Can Gordon and Nancy Flake keep my son against his will, without any permission? (18 U.S.C. § 1201).
4. Why have the Flakes not been arrested for federal kidnapping?
¶ 11. At the outset, we recognize that our review must consider the fact that Heidi has chosen to act as her own counsel in this appeal. In Harvey v. Stone County School District, 862 So.2d 545, 549 (¶ 9) (Miss.Ct.App.2003), this Court ruled:
The supreme court has held that “pro se parties should be held to the same rules of procedure and substantive law as represented parties.” However, the supreme court has also held that we will “credit not so well pleaded allegations so that a [pro se] prisoner’s meritorious complaint may not be lost because inart-fully drafted.” Our courts will also allow the same deference to pro se litigants in civil actions.
(Citations omitted). Later, we noted that “pleadings filed by pro se litigants are to be held ‘to less stringent standards than formal pleadings drafted by lawyers.’ ” Id. at 551 (¶ 17).
¶ 12. Following this direction, we must note that the issues raised by Heidi in this appeal were not the issues decided by the chancellor in this case. Our review is limited to the chancellor’s decision that *476 held Heidi in contempt and restored Jason’s original name on the birth certificate.
¶ 13. Neither Heidi’s original brief nor her reply brief addresses the issues decided by the chancellor. Instead, Heidi argues that the Flakes are guilty of “federal kidnapping” and the withholding of Jason since 2002. She also claims that Kevin is not Jason’s father. These issues were decided in 2002 or earlier and are not properly before this Court in this appeal.
¶ 14. We find that Heidi has presented no legal argument that is supported by a citation to legal authority or evidence in the record that would substantiate any claim that the chancellor’s judgment was erroneous and should be reversed. It is well-settled law that if an appellant fails to support her assignment of error with authority or argument, the Court need not consider the issue. Entergy Miss. Inc., v. Bolden, 854 So.2d 1051, 1057 (¶ 18) (Miss.2003). Here, Heidi’s failure to cite any legal authority or evidence in the record to support an assignment of error regarding the chancellor’s order (or to even address it for that matter) constitutes a waiver her issues on appeal. Id. (citation omitted).
¶ 15. Further, following the direction to hold pro se litigants to a less stringent standard, we have found nothing in the record that would lead us to find reversible error in the chancellor’s decisions that are before us. Certainly, this Court does not possess jurisdiction or any authority to consider or address the alleged “federal kidnapping” and federal civil-rights violations that Heidi has discussed in her brief.
¶ 16. Accordingly, we find no reversible error and affirm the chancellor’s judgment.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF TATE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Heidi’s appeal was dismissed on February 25, 2009, by order of the Mississippi Supreme Court, based on lack of appellate jurisdiction. Streukens v. Miss. Dep’t of Human Servs., 2009-TS-00189.