# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01365-COA

EARL LEE WRIGHT A/K/A EARL L. WRIGHT
A/K/A EARL WRIGHT

APPELLANT

v.

RONALD KING

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/11/2013 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EARL LEE WRIGHT (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. R. STEWART SMITH JR. JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | AFFIRMED THE DECISIONS OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS THROUGH ITS ADMINISTRATIVE REMEDY PROGRAM AND DETERMINED THAT ITS DECISIONS WERE NOT ARBITRARY OR CAPRICIOUS AND WERE SUPPORTED BY SUBSTANTIAL EVIDENCE |
| DISPOSITION: | AFFIRMED: 10/07/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Earl Lee Wright appeals the circuit court judgment that upheld the decisions of the

Mississippi Department of Corrections (MDOC) Administrative Remedy Program (ARP).

¶2. In 1985, Wright was convicted for armed robbery as a habitual offender in Holmes County, Mississippi. He was sentenced to life imprisonment. He is currently confined as an inmate at the South Mississippi Correctional Institute in Leakesville, Mississippi.

¶3. On March 7, 2013, Wright filed his petition for post-conviction collateral relief (PCR) related to a rule violation for the possession of major contraband. The circuit court treated Wright's petition as a petition for an order to show cause pursuant to Mississippi Code Annotated section 47-5-803 (Rev. 2011).

¶4. On May 16, 2013, Wright filed his "Application for Malicious Act: Negligence." Wright claimed that he was denied services by the Inmate Legal Assistance Program. The circuit court treated this application as a petition for an order to show cause pursuant to section 47-5-803.

¶5. On June 3, 2013, Wright filed his "Application for Permanent Restraining Order for Preliminary Injunction." Wright alleged that the bedding and clothing provided by MDOC were inadequate and that he was unable to attend religious services. The circuit court treated this as a petition falling under MDOC's ARP. The circuit court stayed the proceedings for ninety days, pursuant to Mississippi Code Annotated section 47-5-803(2), as the court determined that Wright had not exhausted his remedies under the ARP. Wright subsequently exhausted his remedies under the ARP process and filed his appeal of that decision to the circuit court.

¶6. On July 11, 2013, the circuit court entered three separate orders. The circuit court determined that the decisions of the MDOC related to Wright's ARP proceedings were not arbitrary or capricious, were supported by substantial evidence, were not beyond the powers

2

of the ARP, and did not violate Wright's rights. It is from this decision that Wright files his pro se appeal before this Court.

¶7. The standard that this Court employs in reviewing administrative-agency decisions of the MDOC is that we will not disturb the decision of the administrative agency unless the decision is "unsupported by substantial evidence[,] arbitrary or capricious[,] beyond the agency's scope or powers[,] or violative of the constitutional or statutory rights of the aggrieved party." *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001).

¶8. Wright appeals the circuit court's several decisions related to the MDOC's ARP process. The State argues that the decisions of the ARP were supported by substantial evidence and are not arbitrary or capricious. Also, the State argues that Wright has failed to provide a statement of issues as required by Mississippi Rule of Appellate Procedure 28(a)(3). We recognize that Wright's brief is less than clear, but our review must consider the fact that Wright has chosen to represent himself in this appeal. In *Harvey v. Stone County School District,* 862 So. 2d 545, 549 (¶9) (Miss. Ct. App. 2003), this Court ruled:

> The [Mississippi] [S]upreme [C]ourt has held that "pro se parties should be held to the same rules of procedure and substantive law as represented parties." However, the supreme court has also held that we will "credit not so well pleaded allegations so that a pro se prisoner's meritorious complaint may not be lost because inartfully drafted." Our courts will also allow the same deference to pro se litigants in civil actions.

(Internal citations omitted). Later, we noted that "pleadings filed by pro se litigants are to be held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 551 (¶17).

¶9. Following this direction, we find that the evidence in the record supports the circuit

3

court's decisions. In fact, the evidence indicates that the ARP decisions were based on substantial evidence, were not arbitrary or capricious, were not beyond the agency's scope of powers, and were not violative of Wright's constitutional or statutory rights. *See id.* at 549 (¶9).

¶10. Wright alleges that he was wrongly issued a rules-violation report (RVR) for possession of major contraband due to possession of a cell phone. Wright has failed to provide evidence that refutes this allegation or the decision by the hearing officer.

¶11. Next, Wright complains that he was wrongly denied legal services related to the ARP. The record indicates that Wright failed to complete the required information in order for a notary to notarize the document in question. Also, Wright failed to follow procedure and fill out the ARP form with the correct building number. Here, we must find that the record demonstrates that the decision was based on substantial evidence and was not arbitrary or capricious.

¶12. Finally, Wright contests the MDOC decisions that denied his complaints of inadequate bedding and clothing and his inability to attend religious services. Wright's name was added to the Islamic institution list as soon as notification was received. This was part of the first-step response of MDOC's ARP process. As to the second-step response, however, Wright's previous RVR infractions for possession of contraband resulted in his placement into the Cell Phone Housing Unit as punishment for the infraction. Wright's placement in this unit did not violate his constitutional rights, as the supreme court has recognized that the Constitution does not require prison officials to treat all inmate groups alike where differentiation is necessary to avoid an imminent threat of institutional disruption or violence. *See Russell v.*

4

*Miss. Dep't of Corr.*, 814 So. 2d 802, 806 (¶9) (Miss. 2002) (citation omitted). Hence, MDOC had the administrative discretion to restrict Wright's attendance at religious services for disciplinary and safety purposes. As a result, we find that Wright has failed to provide any evidence that MDOC's decision was not supported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers, or violated his constitutional or statutory rights.

¶13. Based on these findings, we affirm the judgment of the circuit court.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**