IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI
NO. 2025-CP-00258-COA

| TOMMY WRIGHT, SR. D/B/A AFFORDABLE/HI-TECH ENTERPRISES, LLC | APPELLANT |
|---|---|

v.

| JOSEPH BRISCO, KEVIN WINTERS AND WARREN COUNTY MISSIONARY BAPTIST ASSOCIATION | APPELLEES |
|---|---|

| DATE OF JUDGMENT: | 01/28/2025 |
|---|---|
| TRIAL JUDGE: | HON. DEBRA MICHELLE GILES |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | TOMMY WRIGHT SR. (PRO SE) |
| ATTORNEY FOR APPELLEES: | KIMBERLY WALKER NAILOR |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 01/27/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1.     Tommy Wright agreed in a written contract to sell seven parcels of real property to the Warren County Missionary Baptist Association ("the Association") for $20,000. Wright also agreed to remove a house from the property at 1416 Martin Luther King Boulevard in Vicksburg and to grade the lot after removal.

¶2.     At some point, the relationship between Wright and the Association broke down, and Wright filed a complaint against the Association in the Warren County Chancery Court. The Association counterclaimed against Wright, and the matter proceeded to a trial. Neither pleading was included in the record on appeal. Following the trial, the chancellor denied

Wright's "petition for rescission" and ordered Wright to convey title to seven parcels of property to the Association, to clear and grade the lot on one of the parcels, and to pay attorney's fees to the Association.

¶3. Wright timely appealed and presents three issues for our review, which we quote here:

(1) Did the trial court err in enforcing the contract due to procedural and substantive errors, including the conduct of an over-aggressive lawyer and a biased judge?

(2) Was the trial court's finding that Wright's trailer reduced the Association's parking lot from twenty cars to two cars incorrect?

(3) Did the trial court improperly consider Wright's medical condition, which was raised to ensure proceedings were not delayed or misinterpreted?

¶4. Wright's brief contains no citations to the record or caselaw beyond mentioning two case names without citation to the Southern Reporter or explanation of their holdings or application to his appeal.[1] The Association did not file an appellee's brief.

¶5. Rule 28 of the Mississippi Rules of Appellate Procedure requires appellants to state "the reasons for th[eir] contentions" and provide "citations to the authorities, statutes, and parts of the record relied on" to support their arguments to the Court. M.R.A.P. 28(a)(7). Our appellate courts have "consistently held that failure to cite any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment" of error. *Jones v. Miss. Dep't of Emp. Sec.*, 129 So. 3d 224, 225 (¶7) (Miss. Ct. App. 2013). This rule applies equally to pro se litigants, who "should be held to the same rules of procedure and

---

[1] Wright states: "Relevant Mississippi case law supports the arguments for reversal. In *Norman v. Anderson Reg'l Med. Ctr.*, the court emphasized the importance of procedural fairness and the proper consideration of evidence. Additionally, the presumption of mental capacity and the burden of proof in such cases are well-established in *Parks v. Parks*."

substantive law as represented parties." *Id.* at (¶8).

¶6. "A trial court's judgment is presumptively correct[,] and the appellant must demonstrate error to this Court." *Jones v. Jones*, 307 So. 3d 1229, 1231 (¶8) (Miss. Ct. App. 2020). Wright wholly failed to demonstrate error to this Court by failing to provide citation to relevant authorities or the parts of the record containing error.

¶7. Accordingly, the judgment of the chancery court is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**