RENEE MEYER, Appellant, v STEPHEN MEYER, Respondent. [645 NYS2d 105] —Casey, J.

Plaintiff's appeal from the amended judgment must be dismissed as untimely. Plaintiff contends that her notice of appeal, which is dated March 21, 1995, was filed within 30 days of service of the amended judgment with notice of entry (*see,* CPLR 5513 [a]), but the record establishes that service with notice of entry occurred no later than November 1994.

After a trial of the issues in this matrimonial action, Supreme Court issued a written decision containing the rele-

vant findings of fact. The parties apparently submitted proposed judgments and Supreme Court signed the judgment submitted by defendant. Plaintiff thereafter moved to amend the judgment to correct certain errors so that the judgment would accurately reflect the findings and conclusions contained in the court's decision. Supreme Court granted the motion and an amended judgment was entered by the court in July 1994. There is nothing in the record to demonstrate that defendant ever served a copy of the amended judgment with notice of entry on plaintiff. In November 1994, however, plaintiff moved for various postjudgment relief. Attached to her motion papers, which were clearly served on defendant, was a copy of the amended judgment stamped with the date of its entry. We conclude that this service by plaintiff on defendant was sufficient to trigger the 30-day period to take an appeal for both parties (*see*, CPLR 5513 [a]; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5513:2, at 171-172).

Plaintiff's appeal from the amended judgment is untimely for a second reason. The corrections embodied in the amended judgment did not effectively result in a new determination, for the purpose of the corrections was to accurately reflect the original determination made by Supreme Court in its decision. In addition, none of the corrections involved any of the issues that plaintiff seeks to raise in her appeal from the amended judgment. In these circumstances, the time to appeal must be measured from the original judgment (*see*, *Kitchen v Port Auth.*, 221 AD2d 195), which concededly renders the appeal untimely.

The only issue we need to discuss as a result of plaintiff's other appeals concerns the November 1994 stipulation to submit all further disputes to an arbitrator. Plaintiff contends that her motion to vacate the stipulation should have been granted because she was not present when her attorney entered into the stipulation and she did not consent to it. The record, however, discloses that both plaintiff and her attorney were present when Supreme Court first suggested that the parties use a mediator or arbitrator to resolve future disputes, thereby saving the expense of coming to court. Plaintiff's counsel responded, "I couldn't agree more." Plaintiff voiced no objection. As defendant was not present, defense counsel stated that he would have to discuss the matter with his client. Later the same day, when plaintiff was not present but defendant was present, the parties' attorneys agreed to the use of a mediator or arbitrator whose decision would be final and binding.

In these circumstances, we conclude that there is no basis in the record to set aside the stipulation (*see, Hallock v State of New York*, 64 NY2d 224, 230-231). Plaintiff's failure to object when her attorney initially agreed with the court's suggestion that the parties enter into the stipulation defeats her claim that her attorney lacked the authority to enter into the stipulation (*compare, Newman v Holland*, 178 AD2d 866, 867, *with Melstein v Schmid Labs.*, 116 AD2d 632, 633-634). We see no merit in any remaining issue.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal from the amended judgment is dismissed. Ordered that the orders and second amended judgment are affirmed, with costs.