GRIFFIN, J.
This is the appeal of an order terminating a mother’s parental rights to two of her children. The appeal was not timely filed. The original order terminating the mother’s parental rights was entered on November 21, 2001. Although an amended order was entered on December 11, 2001, nunc pro tunc November 21, 2001, the trial court was without jurisdiction to amend the order because no motion for rehearing was filed within ten days of entry of the original order, as required by Florida Rule of Juvenile Procedure 8.265(b). Nor did the mother move for relief from judgment pursuant to Florida Rule of Juvenile Procedure 8.270. Because no motion was filed, the time for taking an appeal was not extended by entry of an amended order on December 11, 2001, nor was there any basis for tolling the time for taking of an appeal under Florida Rule of Appellate Procedure 9.020(h). Thus, the notice of appeal had to be filed by December 21, 2001. The mother’s counsel did not file a notice of appeal until January 8, 2002. See R.F. v. Department of Children and Families, 801 So.2d 291 (Fla. 1st DCA 2001) (dismissing appeal for lack of jurisdiction because notice not filed within 30 days of termination order); Salam v. Benmelech, 622 So.2d 592 (Fla. 3d DCA 1993)(distriet court of appeal lacked jurisdiction to review final judgment, as time of rendition was not postponed by untimely service of modification motion, which was in fact motion to alter or amend judgment beyond ten-day period provided under rules); see also In the Interest of E.H., 609 So.2d 1289 (Fla.1992)(setting forth procedure to obtain belated appeal in termination cases).
Because of the nature of the proceeding, however, and the mother’s clear entitlement to a belated appeal, we elect to treat the untimely notice as an application for belated appeal, which we grant.
After examining the record and the briefs, we find notice to the mother was adequate and the decision to terminate appellant’s parental rights is supported by the record.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.