BARNES, J.,
for the Court:
¶ 1. Bruce H. Penton (Bruce) appeals the judgment of the Chancery Court of Pearl River County, Mississippi, which made certain awards of the marital property between him and Carol A. Penton (Annette). On appeal, Bruce raises several issues regarding the distribution of the property. Finding that Bruce failed to file a timely notice of appeal, we dismiss his appeal for lack of jurisdiction.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Bruce and Annette were married in 1980 and have three grown children. The couple separated in November 2004. In January 2005, Bruce filed for divorce in the Pearl River County Chancery Court on the grounds of habitual, cruel and inhuman treatment or, alternatively, irreconcilable differences. Bruce requested an equitable distribution of the marital assets. In response, Annette filed an answer and counterclaim for divorce based on habitual, cruel and inhuman treatment and adultery. Because of the Pentons’ considerable property holdings, the chancellor appointed a special master, Collette Oldmixon, to inventory their assets and debts, obtain appraisals, and perform other directives ordered by the court in order to aid in the equitable distribution of the property.
¶ 3. In September 2007, a trial was held. Both parties agreed to withdraw the fault grounds for divorce and instead proceed on irreconcilable differences. As all three of the Pentons’ children were over the age of twenty-one at this time, the only remaining issues were alimony and property division. The special master’s voluminous and detailed report, containing numerous property appraisals, bank statements, and other financial documents, in addition to her distribution recommendations, was entered into evidence. The special master also testified regarding the Pentons’ finances and property, as did Annette and Bruce.
¶ 4. On September 28, 2007, the chancellor entered a judgment, granting a divorce based on irreconcilable differences. No alimony was awarded as both parties support themselves. The chancellor found the marital property had a total value of $635,718, which, when divided in half, entitled each party to $317,859 in marital assets. However, the special master had reported her concern regarding the parties’ handling of joint funds following their separation. Therefore, the chancellor found each parties’ share of the marital interest would be subject to the parties’ post-separation surreptitious use of the assets, which the special master had detailed in her report. The chancellor made certain adjustments accordingly.
¶ 5. The chancellor ordered the homestead to be judicially sold, as provided in a sheriffs sale for the execution of judgment, pursuant to Mississippi Code Annotated section 13-3-161 (Rev.2002). Annette was awarded the first $64,039 of its net sale proceeds, after paying any outstanding indebtedness on the property and the costs of the sale. Bruce was to receive the balance to round out the equitable distribution of the marital assets. Further, the couples’ 1992 Harley Davidson *325 motorcycle and 1972 Cam trailer were to be judicially sold, with the proceeds used to pay the administrative court costs of the action, including any unpaid costs of the special master. The parties would divide any remaining funds from this sale equally-
¶ 6. On October 18, 2007, twenty days after the original order, the chancellor entered a brief two-page order of clarification concerning his instructions to the clerk of the court in carrying out the judicial sale of the property. In the original order, the chancellor had stated that Annette would receive the first $64,089 from the net sale proceeds of the home after paying outstanding indebtedness, and then he went on to detail various awards of personal property, including the judicial sale of the motorcycle and trailer. He then instructed the clerk of the court to direct the sale of the homestead and personalty, and “[a]ny funds remaining after the costs of sale and payment to the Special Master shall be paid equally to Plaintiff and Defendant.” In the order of clarification, the chancellor directed the clerk to distribute the proceeds from the judicial sale of the homestead by paying Annette the first $64,039 net proceeds after paying outstanding indebtedness, with any remaining funds paid to Bruce. He further clarified that the clerk was to divide equally only the proceeds from the sale of the motorcycle and trailer.
¶ 7. Bruce filed a notice of appeal on November 16, 2007, forty-nine days after the entry of the original judgment. He included in the record a report and accounting to the chancery court, filed in December 2007, which stated the cash received from the sale of the marital homestead was $6,000, excluding its debt, and the amount received from the sale of the trailer and motorcycle was $551 and $6,600, respectively. On appeal, Bruce raises six issues wherein he claims the chancery court erred in the distribution of marital property. Annette, however, challenges Bruce’s entitlement to appeal.

Jurisdiction

¶ 8. “ ‘Jurisdiction’ is a broad term, and .... [generally speaking, it means the power or authority of a court to hear and decide a case” on the merits. Fitch v. Valentine, 946 So.2d 780, 783 (¶ 10) (Miss.2007) (citing Penrod Drilling Co. v. Bounds, 433 So.2d 916, 922 (Miss.1983)). Annette notes that while the chancery court entered its judgment on September 28, 2007, Bruce did not file his notice of appeal until November 16, 2007. Annette therefore claims the appeal should be dismissed because it was filed beyond the thirty-day deadline provided in Mississippi Rule of Appellate Procedure 4(a). Alternatively, she argues that if Bruce were appealing from the order of clarification, which was filed October 18, 2007, Bruce’s notice of appeal is timely but it is limited to the two items discussed in that order: the judicial sale of the home and personal property. However, Annette cited no authority for her jurisdictional contentions regarding the specifics of the timing of this case, and Bruce did not file a rebuttal brief or cite to any authority in his original brief in support of jurisdiction. It is incumbent upon this Court to assure that jurisdiction exists. We, therefore, requested supplemental briefing from the parties as to the jurisdictional issue.
¶ 9. We note the chancellor filed his order of clarification sua sponte; the parties had not filed any motion to alter or amend the judgment pursuant to Mississippi Rule of Civil Procedure 59(e).[1] *326 Amendments to a judgment by the court on its own initiative must usually be made no later than ten days after the entry of the judgment. Mississippi Rule of Civil Procedure 52(b) provides that a court’s sua sponte amendment to findings and corresponding judgments must be made within ten days after entry of judgment; further, Mississippi Rule of Civil Procedure Rule 59(d) requires the court’s sua sponte order for new trial be made within ten days after entry of judgment.[2] However, Mississippi Rule of Civil Procedure 60(a) has an open-ended time in which a court may, on its own initiative, correct clerical mistakes arising from oversights or omissions; the rule provides that such errors may be corrected at any time “up until the time the record is transmitted by the clerk of the trial court to the appellate court.” Accordingly, a material, substantive amendment to the original judgment must be made by the court within ten days of the original entry of judgment, as only clerical errors come under the ambit of Rule 60(a).
¶ 10. In analyzing our rules of civil and appellate procedure, we note that the rules do not address what effect a sua sponte modification of judgment has on the time for filing a notice of appeal.[3] Mississippi Rule of Appellate Procedure 4(a) states a notice of appeal must be filed within thirty days of the entry of judgment. The chancellor entered the order of clarification on October 18, 2007, twenty days after the original judgment was entered September 28, 2007, and Bruce filed his notice of appeal on November 16, 2007, nineteen days after the order of clarification, and forty-nine days after the original judgment.
¶ 11. Federal courts have long held that “only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken ... begin to run anew.”[4] Rezzonico v. H & R *327 Block, Inc., 182 F.3d 144, 150 (2d Cir.1999) (quoting FTC v. Minneapolis-Honeywell Regulator Co., 844 U.S. 206, 211-12, 73 S.Ct. 245, 97 L.Ed. 245 (1952)). Thus, if the second judgment is identical to the first but corrects only technical errors, this does not constitute a substantive change and does not restart the time for filing a notice of appeal. Farkas v. Rumore, 101 F.3d 20, 22 (2d Cir.1996) (citing FTC, 344 U.S. at 211, 73 S.Ct. 245).
¶ 12. Rezzonico is instructive on what does or does not constitute a “substantial change.” In Rezzonico, the plaintiffs appealed from a district court’s judgment granting a defendant’s motion for summary judgment. The judgment was entered on November 26, 1997, however, mistakenly omitting the word “not.”[5] Therefore, six days after the original judgment, on December 1, 1997, the district court entered an amended judgment sua sponte, adding the omitted word. Rezzonico, 182 F.3d at 147. On December 15, 1997, the plaintiffs filed a motion for reconsideration, which was denied as untimely in an order entered on December 17, 1997. The plaintiffs filed a notice of appeal on January 13, 1998. Id. at 148. The Rezzonico court held that since omission of the word “not” in the original opinion, while admittedly changing the meaning of the sentence, did not substantively affect the plaintiffs liability. Therefore, the filing of the amended judgment did not restart the plaintiffs’ time to appeal. Id. at 151. The case was dismissed for lack of jurisdiction. Id. at 152.
¶ 13. In the instant case, the order of clarification did not make any substantive change to the original order. The chancellor reiterated his original judgment: that Annette would receive the first $64,039 from the net proceeds less any indebtedness and fees, and Bruce would receive the remainder. The chancellor was clarifying his instructions to the clerk regarding the judicial sale; he was not modifying the rights of the parties in any manner. He was, in fact, clarifying a technical error and making the instructions to the clerk correspond to the division of property already ordered. Under Rezzon- *328 ico, this clarification would not constitute a substantial change and, thus, begin anew the time to file an appeal.[6]
¶ 14. Since the timing of the entry of the order of clarification still left Bruce time to file his notice of appeal within thirty days of the original judgment, even though he did not, this situation appears to be a matter of first impression in Mississippi. Accordingly, we look to other jurisdictions for direction. Federal appellate courts have considered whether a late notice of appeal can be considered as a motion for an extension of time to appeal.
¶ 15. Mississippi Rule of Appellate Procedure 4(g) controls whether the trial court may extend the time for filing a notice of appeal. It states: “The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule”; in other words, he had sixty days from the entry of the final judgment. Rule 4(g) also states, “[a]ny such motion which is filed before expiration of the prescribed time may be granted for good cause....” Here, the order of clarification was within the sixty-day deadline for Bruce to file a motion for an extension of time; however, Bruce did not file any such motion.
¶ 16. Mississippi’s Rule 4(g) is patterned after Federal Rule of Appellate Procedure 4(a)(5). M.R.A.P. 4(g) cmt. The federal rule was amended in 1979, after which federal courts are less likely to treat a notice of appeal as a motion for an extension of time. See generally, William B. Johnson, Annotation, Untimely Notice of Appeal as Motion for Extension of Time to Appeal under Rule 1(a)(5) of Federal Rules of Appellate Procedure, 74 A.L.R. Fed. 775 (1985). Instead, the amended federal Rule 4(a)(5) requires a motion for any extension of time.[7] In Campbell v. White, 721 F.2d 644, 645—46 (8th Cir.1988), the United States Court of Appeals for the Eighth Circuit held that a late-filed notice of appeal may not be considered a motion for extension of time under the amended Rule 4(a)(5); an actual motion for an extension of time must be filed. Darron Campbell was appealing the district court’s dismissal of his suit brought under 42 U.S.C. section 1983. His notice of appeal was received by the court thirty-two days after the entry of judgment. Id. at 645. The Campbell court explained that before the 1979 amendment, under Rule 4(a)(5), any kind of filing may be treated as a motion for extension, whereby the case would be remanded in order for the district court to decide if excusable neglect was established and an extension later granted. However, the Campbell court found the 1979 amendments to the rule were unambiguous and required a filing of a motion with service of the notice of appeal. Id. at 646. Thus, Campbell’s appeal was dismissed. Id. at 647.
¶ 17. Following the federal interpretation, Bruce’s notice of appeal is not sufficient to be treated as a motion for an extension of time. We did locate one state court decision, procedurally similar to the case before us, wherein the untimely notice of appeal was treated as a motion for extension of time. In L.L.N. v. Department of Children & Families, 840 So.2d 1172, 1172 (Fla.Dist.Ct.App.2003), the trial court amended its order sua sponte; however, the court was without jurisdiction to *329 do so because a timely motion for rehearing had not been filed. Thus, the time for appeal had not been extended by the amended order. The appellant filed her notice of appeal approximately eighteen days after it was due. The court in L.L.N. treated the late notice as a motion for extension of time only because of the unique circumstances of the case concerning the termination of parental rights. Under Florida law, termination cases are entitled to take a “belated appeal.” Id.; see also In re E.H., 609 So.2d 1289, 1290-91 (Fla.1992) (setting forth the procedure for obtaining belated appeal in termination cases). The case before us has no unique circumstances such as were present in L.L.N.
¶ 18. In Busby v. Anderson, 978 So.2d 687, 638 (¶ 5) (Miss.2008), this Court remanded a case to have the trial court rule on an unresolved motion for an extension of time filed in the trial court. The plaintiff had filed a post-judgment motion, and the trial court did not rule on it for nearly three years after the hearing, when it was overruled. The trial court’s order was not filed until approximately a week after the court’s ruling. Id. at 638 (¶ 3). The plaintiff filed a motion for an extension of time to file a notice of appeal within thirty days of the order, but no order appeared in the record granting the motion. She then filed an untimely notice of appeal. Id. at (¶ 4). We remanded the case to the trial court to rule on the outstanding motion. The trial court granted the motion, and we proceeded with the merits of the appeal. Id. at (¶ 5). On writ of certiorari, the supreme court found that this Court improperly asserted jurisdiction to hear the appeal once the trial court had resolved the plaintiffs motion for an extension of time on remand, as the plaintiff had failed to file a timely notice of appeal. Id. at 638-40 (¶¶ 5, 11-12). We find that since we have no authority under Busby to remand a case for the trial court to rule on an outstanding motion extension of time, we certainly have no authority to remand a case for the trial court to rule on whether a notice of appeal should be treated as a motion for extension of time. We must, therefore, dismiss the case for lack of jurisdiction.
¶ 19. THE APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.

. Had either of the parties filed a proper Rule 59(e) motion to amend the judgment, there is no question that Bruce’s appeal would be timely, as pursuant to Mississippi Rule of Ap *326 pellate Procedure 4(d), the time for appeal does not begin to run until the court rules on the last such motion. A tolling motion "stays the judgment and relates back, for all purposes resetting the appeals clock to the moment that judgment was entered and holding it there pending the motion.” Bruce v. Bruce, 587 So.2d 898, 901 (Miss.1991).

. Motions for relief under Rule 52 and 59 must also be filed within the same ten-day period. See M.R.C.P. 52(b) and 59(e).

. The current Federal Rules of Appellate Procedure differ in some respects to our Mississippi Rules of Appellate Procedure regarding the timing of the notice of appeal and post-trial tolling motions, but the differences are not pertinent to the issue before us. The comment to Mississippi Rule of Appellate Procedure 4 states that Federal Rule of Appellate Procedure 4(a)(4) requires that, "if a party wishes to appeal from the disposition of a post trial tolling motion, the party must amend the notice [of appeal] to so indicate,” whereas the corresponding Mississippi rule does not require an amended notice in this instance. M.R.A.P. 4 cmt. In the instant case, no tolling motion was filed.

.Federal courts have held that "where a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment." In re Am. Safety Indem. Co., 502 F.3d 70, 72 (2d Cir.2007) (quoting Farkas v. Rumore, 101 F.3d 20, 23 (2d Cir.1996)); see, e.g., United States v. Lewis, 921 F.2d 563, 565 (5th Cir.1991) (reentry of order had no effect on running of time limit to appeal in criminal case, where amended judgment was merely correction of year in date); First Nationwide Bank v. Summer House Joint Venture, 902 F.2d 1197, 1200 (5th Cir.1990) (reentered order reflecting minor spelling change in party's name did not affect running of time for filing motion under Fed.R.Civ.P. 59(e)); Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir.1990) (reentry of judgment did not in any way alter or amend substantive rights of parties; thus, the time to pursue an appeal was not impacted).
*327 State courts have held similarly. See, e.g., Hansen v. Kik, 142 P.3d 558, 559-60 (Utah Ct.App.2006) (appeal found untimely as trial court’s modifications did not change substance or character of the judgment); Maxfly Aviation, Inc. v. Capital Airlines, Ltd., 843 So.2d 973, 975 (Fla.Dist.Ct.App.2003) (appeal untimely and dismissed as additions the trial court made to judgment did not disturb or revise legal rights and obligations); Poe v. Haw. Labor Relations Bd., 98 Hawai'i 416, 49 P.3d 382, 384-85 (Haw.2002) (when judgment was amended twice, timing for appeal measured from first amended judgment because it materially altered rights of initial judgment, while second amended judgment did not because it merely corrected clerical error); CC-Califomia Plaza Assocs. v. Paller & Goldstein, 51 Cal.App.4th 1042, 59 Cal.Rptr.2d 382, 385 (1996) (effect of amended judgment on appeal time depends on whether amendment substantially changes judgment or simply corrects clerical error; here error in identity of losing party deemed substantial change thus started new time for appeal); Meyer v. Meyer, 228 A.D.2d 955, 957, 645 N.Y.S.2d 105 (N.Y.App.Div.1996) (appeal untimely and dismissed as purpose of amended judgment was to accurately reflect original determination); Dickens v. Lee, 230 Cal.App.3d 985, 281 Cal.Rptr. 783, 784 (1991) (notice of appeal filed over sixty days after entry of initial judgment was found to be timely as amended judgment substantially modified the initial judgment).

. In the original order, the italicized word "not” was omitted from the following portion: "Upon review, the Court finds Block is entitled to an additional award of $237,324. Under the contracts at issue, the Rezzonicos are not entitled to take advantage of the discount royalty rate otherwise afforded franchisees who are not in breach of their franchise agreement.” Rezzonico, 182 F.3d at 147 (emphasis added).

. Additionally, Bruce had less reason to appeal the order after the amendment as the clarified instructions to the clerk were to his benefit.

. Prior to the 1979 amendment, federal Rule 4(a)(5) did not require a motion to be filed unless the time for taking the appeal had already expired.