# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00855-COA

**GREG CANERDY**                                                    **APPELLANT**

**v.**

**DON MONTGOMERY**                                                **APPELLEE**

DATE OF JUDGMENT:                09/27/2004
TRIAL JUDGE:                     HON. JOHN ANDREW GREGORY
COURT FROM WHICH APPEALED:       TIPPAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          B. SEAN AKINS
ATTORNEY FOR APPELLEE:           JOHN A. FERRELL
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:         DENIED REQUEST TO SET ASIDE
                                 DEFAULT JUDGMENT
DISPOSITION:                     AFFIRMED - 02/09/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### EN BANC.

### WILSON, J., FOR THE COURT:

¶1.     Greg Canerdy filed a motion under Mississippi Rule of Civil Procedure 60(b) in which he asked the circuit court to set aside a $400,000 default judgment that was entered against him in 2004. When the circuit court denied his Rule 60(b) motion, Canerdy filed a motion to reconsider. When the circuit court denied his motion to reconsider, Canerdy filed yet another motion, which he styled a "Rule 52 Motion for Additional Findings." When the circuit court denied his "Rule 52 Motion," Canerdy filed a notice of appeal.

¶2.     However, only a "timely motion" under Mississippi Rule of Civil Procedure 52(b) tolls the time for filing a notice of appeal. M.R.A.P. 4(d). And a Rule 52(b) motion is timely

only if it is "filed not later than ten days after entry of judgment." M.R.C.P. 52(b). Canerdy did not file his Rule 52(b) motion until his first post-judgment motion (his motion to reconsider) was denied more than eight months "after entry of judgment." Therefore, Canerdy's Rule 52(b) motion was not timely and did not toll the time for filing of a notice of appeal. It follows that we lack jurisdiction to review the circuit court's judgment denying Canerdy's Rule 60(b) motion. At most, we have jurisdiction to review the circuit court's order denying Canerdy's Rule 52(b) motion. That ruling was correct, so we affirm.

### FACTS AND PROCEDURAL HISTORY

¶3.     On December 22, 2003, Don Montgomery, an employee of the Tippah County Electric Power Association, ventured into Canerdy's backyard to read Canerdy's electric meter. Canerdy's "mixed breed" dog, which was chained up in the yard, "growled and ran toward Montgomery. Montgomery, fearing that he might be bitten, sprayed the dog with what he described as a mild pepper spray." This led to a confrontation between Canerdy and Montgomery. Words were exchanged, and Canerdy, who "[w]ithout question . . . was a substantially larger and much younger man than Montgomery," assaulted Montgomery. The parties' "significantly different" versions of what transpired are discussed in the post-trial opinion of a federal bankruptcy judge. *In re Canerdy*, No. 05-15132-DWH, 2010 WL 1780051 (Bankr. N.D. Miss. Apr. 30, 2010) (Houston, J.). The judge found Montgomery's version more credible and concluded that Canerdy's story, which sought to minimize his own culpability, "border[ed] on the preposterous." Montgomery's injuries from the assault included a fractured jaw, cracked teeth, a torn rotator cuff, and a ruptured disk in his cervical

2

spine. He was forced to undergo dental surgery, shoulder surgery, and spine surgery. He had a titanium plate inserted into his neck and had to undergo extensive physical rehabilitation and therapy. He also experienced mental trauma for which he sought psychiatric counseling. He was out of work for seven months and was paid workers' compensation benefits. Canerdy was charged with simple assault. He testified that he pled "no contest" to the charge, although the municipal court record apparently shows that he pled guilty.

¶4.    Three months after the assault, on March 17, 2004, Montgomery filed a complaint against Canerdy in the Tippah County Circuit Court. The complaint demanded actual damages of $75,000, punitive damages of $75,000, "and all costs of [the] action." Canerdy was served with process but did not answer the complaint. Thus, on July 26, 2004, Montgomery filed a motion for a final default judgment. This motion was not served on Canerdy, and it demanded no specific sum for damages.

¶5.    On September 27, 2004, the circuit court entered a final default judgment and awarded Montgomery $200,000 in actual damages and $200,000 in punitive damages. The court held a hearing on the motion, but there is no transcript in the record. Canerdy became aware of the default judgment when a writ of garnishment was served on his employer in June 2005. On July 28, 2005, Canerdy filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Mississippi. On October 25, 2005, Montgomery filed an adversary complaint in the bankruptcy court asserting that Canerdy's judgment debt was nondischargeable under the Bankruptcy Code.[1] Six years of litigation,

_____

[1] Under section 523(a)(6) of the Bankruptcy Code, a debt "for willful and malicious injury by the debtor to another" is nondischargeable. 11 U.S.C. § 523(a)(6) (2012).

3

including a trial, followed in that court. The end result was that the bankruptcy court deemed the debt nondischargeable. Canerdy appealed to the federal district court, but his appeal was dismissed for failure to prosecute.

¶6. In the bankruptcy court, Canerdy belatedly asserted that the default judgment's award of punitive damages violated Mississippi Code Annotated section 11-1-65(3)(a)(vi) (Rev. 2014), which, for a defendant with a net worth of less than $50 million, caps punitive damages at a percentage of the defendant's net worth—four percent when Montgomery's complaint was filed, and two percent today. Canerdy asserted that he had a net worth of less than $10,000, so his punitive cap would have been less than $400. The bankruptcy judge noted that Canerdy did not raise this issue in any of his pleadings but only in his post-trial motion, which was filed in the fifth year of the litigation. *In re Canerdy*, No. 05-15132-DWH, 2010 WL 2696811, at *2 (Bankr. N.D. Miss. July 7, 2010) (Houston, J.). The judge nonetheless considered the issue and came to the "inescapable conclusion that the [c]ircuit [c]ourt judgment in this proceeding is not void" based on the alleged violation of the punitive damages statute. *Id.* at *5. The judge further concluded that "[s]ince the judgment would not be considered void under Mississippi law, it [was] not subject to collateral attack in [the bankruptcy court]." *Id.* at *6. The court stated, however, that its decision did not preclude Canerdy from seeking relief, if available, by a post-judgment motion in circuit court.

¶7. On January 26, 2011, in the Tippah County Circuit Court, Canerdy filed a "Motion to Correct or Amend Judgment" under Mississippi Rule of Civil Procedure 60(b). Canerdy's

4

motion attacked only the part of the judgment awarding punitive damages, and it did so only on the ground that the award allegedly violated the statutory punitive damages cap. Canerdy alleged that no punitive damages should have been awarded because he "had a negative net worth on the date of the complaint and the date of the . . . judgment." The motion did not allege that the judgment or any part of it was "void." On January 8, 2013, the circuit court denied Canerdy's motion.[2] The circuit court considered the motion under Rule 60(b)(6) and found that it was untimely, that Canerdy failed to establish good cause for the default or a colorable defense to the assault, and that the judgment should not be set aside years after it was entered.

¶8.    Ten days later, Canerdy filed a timely "Motion to Reconsider" under Rule 59.[3] Once again, Canerdy attacked the punitive award only and effectively conceded the validity of the judgment as to actual damages. The court denied Canerdy's motion on September 16, 2013. Canerdy then had thirty days to file a notice of appeal. M.R.A.P. 4(a) & (d).

¶9.    But Cannerdy did not file a notice of appeal. Instead, on September 26, 2013, he filed a "Rule 52 Motion for Additional Findings." In this motion, for the first time, Canerdy alleged that the default judgment was partially void because it awarded damages in excess

---

[2] The circuit judge who granted the default judgment retired while the parties were litigating in bankruptcy court. Thus, a different circuit judge ruled on Canerdy's Rule 60(b) motion.

[3] "[A] 'motion for reconsideration' is treated as a motion to alter or amend the judgment under Rule 59(e)." *Chase v. State*, 171 So. 3d 463, 487 (¶75) (Miss. 2015) (citing *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004)). "A motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment." M.R.C.P. 59(e).

of the amounts demanded in Montgomery's complaint. Canerdy's motion asked the circuit court to "make additional findings and determine whether the [excess damage awards] violated [his] constitutional rights to due process." The motion "pray[ed] for general relief." At the hearing on the motion, Canerdy's attorney stated that he noticed the issue "as [he] was preparing the record for appeal." Montgomery's attorney responded, "that might have been a good argument had it been made three or four years ago." He argued that the issue was waived and the motion was untimely.

¶10. On May 20, 2014, the circuit court denied Canerdy's Rule 52 motion as "untimely and improper." On June 17, 2014, Canerdy filed a notice of appeal.

¶11. On appeal, Canerdy claims that the default judgment is void in its entirety except as to the $75,000 in actual damages demanded in Montgomery's original complaint. He argues that the default judgment is void as a matter of law to the extent that it awarded damages in excess of the $75,000 in actual damages and $75,000 in punitive damages demanded in the complaint. He also argues that the punitive damages award is void in its entirety because it violates the statutory punitive damages cap and because it was entered without an on-the-record hearing. There appears to be merit to Canerdy's first argument.[4] However, as we explain below, Canerdy's filing of a Rule 52 motion only after the denial of his Rule 59 motion was improper and did not extend the time to file a notice of appeal from the denial of his motion to set aside the default judgment. Therefore, we lack jurisdiction to review

---

[4] "A judgment by default shall not . . . exceed in amount that prayed for in the demand for judgment." M.R.C.P. 54(c). Such an award "is null and void and [the] defendant may attack it collaterally in another proceeding." *Id.*, Advisory Committee Note.

6

Canerdy's motion to set aside the default judgment. To the extent that we have jurisdiction to review the circuit court's ruling on Canerdy's Rule 52 motion, we affirm.

**DISCUSSION**

¶12.    "Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction." *Smith v. Parkerson Lumber Inc.*, 890 So. 2d 832, 834 (¶12) (Miss. 2003).

¶13.    As described above, Canerdy filed three successive motions in the circuit court: He filed a motion for relief from the default judgment under Rule 60(b); ten days after it was denied, he filed a motion for reconsideration under Rule 59(e); and ten days after it was denied, he filed a purported "Motion for Additional Findings" under Rule 52(b). The circuit court correctly denied the third of these motions as "untimely and improper." The motion was untimely because a Rule 52(b) motion for additional findings must be "filed not later than ten days after entry of judgment or findings and conclusions." M.R.C.P. 52(b). A Rule 52(b) motion "may *accompany* a motion for a new trial pursuant to Rule 59." *Id.* (emphasis added). However, nothing in Rule 52 suggests that a party may wait until his Rule 59 motion is denied and only then file a motion under Rule 52. Rather, the motion must be filed within ten days of the judgment. *See Penton v. Penton*, 156 So. 3d 323, 326 n.2 (Miss. Ct. App. 2010) ("Motions for relief under Rule 52 and 59 must . . . be filed within the same ten-day period."). Canerdy's motion was not; therefore, it was not timely.

¶14.    Canerdy's motion was also improper because "[Rule 52(b)] is a Rule for amending

7

findings, not reversing decisions. Though a Rule 52(b) [motion] can be made in tandem with Rule 50 and Rule 59 motions, once those motions are denied Rule 52(b) is not a means to ask for or for a judge to initiate reconsideration." *Edwards v. Roberts*, 771 So. 2d 378, 387-88 (¶34) (Miss. Ct. App. 2000); *see also id.* at 384 (¶21) ("We start with the settled law that after a motion for new trial has been denied, no right exists to file for reconsideration."). Accordingly, Rule 52(b) also cannot be used "to advance new theories," *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986), or "to raise issues that [the movant] simply forgot to put forth" prior to the entry of the judgment, *Hollis v. City of Buffalo*, 189 F.R.D. 260, 262 (W.D.N.Y. 1999). *See also, e.g.*, *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386, 1397 (8th Cir. 1996) ("[Rule 52(b) motions] cannot be used to raise arguments which could have been raised prior to the issuance of judgment."). Yet this is precisely what Canerdy's untimely motion attempted. In substance, Canerdy did not seek any additional or amended "findings" but rather sought reversal of the circuit court's ruling on an entirely new theory.

¶15. In June 2014, after his Rule 52(b) motion was denied, Canerdy finally filed a notice of appeal that purported to appeal "[1] the final judgment entered in this case on January 8, 2013 and [2] the denial of the Motion to Reconsider dated September 16, 2013 and [3] the denial of the Motion for Additional Findings dated May 19, 2014." However, because Canerdy's Rule 52 motion was untimely and improper, his notice of appeal was untimely as to both the final judgment denying his Rule 60(b) motion and the order denying his motion for reconsideration. Only a "*timely* motion" under Rule 52(b) serves to extend the time for

8

filing a notice of appeal. M.R.A.P. 4(d) (emphasis added). Canerdy's motion was not timely because it was not filed within ten days of the judgment. A party is not entitled to further extend the time for appeal and prevent the finality of the judgment by filing successive post-trial or post-judgment motions seriatim. "The time limit [for filing a notice of appeal] would be a joke if parties could continually file new motions, preventing the judgment from becoming final. The 10 days runs from the initial judgment, so later motions are not timely." *Charles v. Daley*, 799 F.2d 343, 347-48 (7th Cir. 1986) (applying Fed. R. App. P. 4(a)(4)); *accord, e.g.*, *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) ("Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments."); *Wansor v. George Hantscho Co.*, 570 F.2d 1202, 1206 (5th Cir. 1978).

¶16. Because Canerdy's Rule 52(b) motion was not filed within ten days of the underlying judgment, it did not toll the time for filing a notice of appeal from the underlying judgment. M.R.A.P. 4(d). Therefore, "[t]his [C]ourt has no jurisdiction to consider the merits of the underlying judgment." *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶8) (Miss. Ct. App. 2013). All that we have jurisdiction to review is the denial of Canerdy's Rule 52(b) motion, which was properly denied because it was untimely.

¶17. In theory at least, we could also construe Canerdy's untimely Rule 52 motion as a motion for relief from the judgment under Rule 60(b). *See Woods*, 111 So. 3d at 1236 (¶¶6-9). Such a "motion does not toll the thirty-day time period to file a notice of appeal," nor does it give us "jurisdiction to consider the merits of the underlying judgment." *Id.* at (¶8).

At most, it could give us jurisdiction to consider whether Canerdy's final motion in the circuit court stated some ground for relief from the judgment under Rule 60(b). Moreover, given the unusual procedural posture of this case, even if we so construed Canerdy's final motion, the "judgment" in question would not be the 2004 default judgment. Rather, we would have jurisdiction to consider only whether Canerdy's third and final motion established some ground for Rule 60(b) relief from the 2013 judgment denying his motion to set aside the default judgment. Canerdy's motion identifies no such ground. The 2013 judgment is not void. It was entered in response to Canerdy's own motion after a hearing and a full and fair opportunity to litigate. Canerdy simply failed to file a timely notice of appeal after that judgment was entered.

¶18.    Finally, we could also construe Canerdy's Rule 52 motion as a second and successive Rule 60(b) motion for relief from the 2004 default judgment. But if we did, it would fail for a different reason. It is "proper to require a party to advance in the first [Rule 60(b) motion] all matters that were reasonably available at that time." 18A Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4447 (2d ed. 2002). Therefore, the denial of a Rule 60(b) motion will preclude a subsequent Rule 60(b) motion that asserts grounds that were or could have been raised in the original motion, including even allegations that the judgment is void. *Id.*[5] Canerdy obviously could have

---

[5] *Accord Virgo v. Nat'l City Mortg. Co.*, 115 So. 3d 1072, 1074 (Fla. Dist. Ct. App. 2013) (denial of a motion to set aside a default judgment precludes a subsequent motion alleging that the judgment was void on grounds that could have been raised in the first motion); *Royal Coachman Color Guard v. Marine Trading & Transp. Inc.*, 398 A.2d 382, 383-84 (Me. 1979) (same); *Wellman v. Wellman*, 643 P.2d 573, 575 (Mont. 1982) (same); *Glasgow Inc. v. Noetzel*, 556 F. Supp. 595, 598-99 (S.D. W. Va. 1983) (same); *see also, e.g.*,

alleged in his original Rule 60(b) motion that the default judgment was void because it awarded damages greater than the amount sought in the complaint. His failure to do so precludes a subsequent Rule 60(b) motion on that ground.

¶19. The 2004 default judgment may have been void in whole or in part because it awarded damages greater than the amount demanded in the complaint. But the judgment's possible voidness does not excuse Canerdy's failure to file a timely notice of appeal or permit us to reverse a judgment that we lack appellate jurisdiction to review. Canerdy failed to file a timely notice of appeal from the circuit court's judgment denying his Rule 60(b) motion, so we lack jurisdiction to review that judgment. At most, we have jurisdiction to review the denial of the third and final motion that Canerdy filed in the circuit court. The circuit court properly denied that motion regardless of how it is construed. Accordingly, we affirm.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF TIPPAH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., NOT PARTICIPATING.**

---

*Locklin v. Switzer Bros.*, 335 F.2d 331, 334 (7th Cir. 1964) ("Rule 60(b) . . . provides for alternative, and not cumulative, methods of relief, and we do not think the rule should be construed to preclude . . . the bar of res judicata."); *Brown v. Bureau of Reclamation*, No. CV08-198-S-EJL, 2008 WL 4239006, at *2 (D. Idaho Sept. 11, 2008) ("[N]umerous court decisions . . . have determined a second attempt to obtain Rule 60 relief is barred by res judicata."); *Hughes v. McMenamon*, 379 F. Supp. 2d 75, 79 (D. Mass. 2005) ("Res judicata applies to successive Rule 60(b) motions and independent Rule 60(b) actions."); *Cinquini v. Donohoe*, No. C 95-4168 FMS, 1996 WL 79822, at *7 (N.D. Cal. Feb. 8, 1996) ("Res judicata does apply to successive Rule 60(b) motions and actions.").