# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00442-COA

JUDY KNOX                                                           APPELLANT

v.

MARK ALFORD AND TWIN PROPERTIES,                                    APPELLEES
LLC

DATE OF JUDGMENT:            02/01/2024
TRIAL JUDGE:                 HON. KELLY LEE MIMS
COURT FROM WHICH APPEALED:   PONTOTOC COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      JEFFREY D. WALDO
ATTORNEYS FOR APPELLEES:     JAMES ROGER FRANKS JR.
                             WILLIAM RUFUS WHEELER JR.
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 AFFIRMED - 08/05/2025
MOTION FOR REHEARING FILED:

　　　　EN BANC.

　　　　BARNES, C.J., FOR THE COURT:

¶1.　　Judy Knox purchased a home from Twin Properties LLC in 2018. After the home flooded several times, Knox filed a complaint with the Pontotoc County Circuit Court on July 23, 2020, against defendants Mark Alford and Twin Properties LLC. The complaint alleged several claims, including breach of contract, misrepresentation and fraud, breach of implied warranties and other warranties, breach of the implied covenant of good faith and fair dealing, and negligent or intentional failure to disclose.

¶2.　　After her attorney withdrew from representation in January 2021, Knox retained new counsel, who propounded discovery requests in June 2021. Knox's attorney experienced health issues soon afterward, and there was no activity on the court's docket for

approximately eighteen months. On May 9, 2023, the circuit clerk entered a "Motion Dismissing Case for Want of Prosecution" pursuant to Rule 41 of the Mississippi Rules of Civil Procedure. The motion alerted the parties that because "no action of record has been taken during the [preceding] twelve months," the case would be dismissed on or before June 30, 2023, "unless [a]n order of a Circuit Court Judge is entered in the Court and good cause is shown why it should be contained as a pending case."[1] To avoid dismissal of the case, Knox's attorney filed a motion on May 17, 2023, seeking a scheduling order and a trial date. Nevertheless, on November 4, 2023, the circuit court entered an order dismissing the case for want of prosecution, finding "no action of record has been taken during twelve months, nor any application made to the Court and good cause shown why this case should not be dismissed."

¶3. Knox's attorney filed a motion to set aside the order on November 6, 2023, arguing

---

[1] Rule 41(d)(1) provides:

> In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice. . . .

M.R.C.P. 41(d)(1). The advisory committee's note to Rule 41 states that "[a]fter the court clerk has given notice pursuant to Rule 41(d), a party seeking to avoid dismissal for lack of prosecution must either take some 'action of record' or apply in writing to the court and demonstrate good cause for continuing the case." The dissent takes issue with the clerk's motion, claiming that it adds an additional requirement not contemplated in Rule 41. As discussed *infra*, the underlying dismissal is not before us; therefore, we find the dissent's discussion is dictum and not relevant for the purposes of this appeal.

that there had "been a filing by the Plaintiff within the past twelve (12) months" (i.e., the motion for a trial date and scheduling order). Attached to the motion were two e-mails dated May 17, 2023, and October 19, 2023, between Knox's counsel and the court administrator regarding available dates for a jury trial. In each of these e-mails, the court administrator requested, "Should any of these dates work for all parties, please forward an Agreed Order Setting to the Court Administrator's Office." However, no proposed agreed order was ever forwarded to the administrator.[2]

¶4.     On November 13, 2023, Knox's attorney filed an agreed order setting a hearing on the motion to set aside the order for February 1, 2024. The defendants filed a response on December 1, 2023, arguing that Knox's motion to set aside the order should be dismissed with prejudice. On February 1, 2024, the circuit court entered an order denying Knox's motion, citing this Court's holding in *Scott v. UnitedHealthcare of Mississippi Inc.*, 374 So. 3d 1270 (Miss. Ct. App. 2023). In *Scott*, we determined that the plaintiff's motion seeking to leave his case on the docket, which was filed in response to the clerk's Rule 41 notice, "simply does not suffice as an 'action of record.'" *Id*. at 1277 (¶28) (citing *Glass v. City of Gulfport*, 271 So. 3d 602, 605 (¶13) (Miss. Ct. App. 2018)).

¶5.     On February 8, 2024, Knox filed a motion to amend or alter the circuit court's February 1, 2024 judgment "pursuant to the provisions of Mississippi Rule of Civil

---

[2] In her motion to set aside the order, Knox stated that the parties had agreed on trial dates "for October 31-November 3, 2023, but the Order Setting was mistakenly not filed with the [c]ourt." On October 19, 2023, Knox's attorney again requested available trial dates from the court administrator, and Knox claims that the parties then agreed upon a court date in May 2024. Again, however, no agreed order setting trial dates is in the record.

3

Procedure 59(e), and alternatively under Rule 52(b) and Rule 60(b)." Knox argued that her motion for a scheduling order "clearly demonstrate[d] an effort to move the case closer to judgment and should have forestalled the dismissal under Rule 41(d)." Knox further claimed that the circuit court had misapplied *Scott* in its order.

¶6.     On March 6, 2024, the circuit court denied the motion. Knox filed a notice of appeal on April 3, 2024, from the circuit court's order denying her motion.[3] On appeal, she argues that her May 17, 2023 motion for a scheduling order and a trial date constituted an "action of record" under Rule 41(d).

## DISCUSSION

¶7.     Although not addressed by either party, we find it necessary to identify the orders over which our Court has jurisdiction to rule on appeal. Appellate courts may "consider a jurisdictional issue even though not assigned by the parties." *Miss. Mun. Liability Plan v. Jordan*, 863 So. 2d 934, 941 (¶15) (Miss. 2003).

¶8.     Knox's motion to set aside the circuit court's November 4, 2023 order of dismissal, although not labeled as such, was a Rule 59(e) motion under the Mississippi Rules of Civil Procedure. *See, e.g.*, *Bang v. Pittman*, 749 So. 2d 47, 49 (¶¶1-2) (Miss. 1999) (treating motion to set aside order of dismissal for improper service of process as a Rule 59(e) motion), *overruled on other grounds by Cross Creek Prods. v. Scafidi*, 911 So. 2d 958 (Miss. 2005); *cf. Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004) (holding that "a motion to set aside or reconsider an order granting summary judgment will be treated as a motion

---

[3] Knox filed the same notice of appeal again on April 10.

under Rule 59(e)"). Once the court denied Knox's Rule 59(e) motion on February 1, 2024, the thirty-day time frame for appealing from the order of dismissal began to run. *See* M.R.A.P. 4(d) (stating that "the time for appeal . . . runs from the entry of the order" denying a new trial or granting or denying any other such motion).

¶9. However, instead of appealing the court's February 1, 2024 order, Knox filed a motion to alter or amend the judgment on February 8, 2024. "A party is not entitled to further extend the time for appeal and prevent the finality of the judgment by filing successive post-trial or post-judgment motions seriatim." *Canerdy v. Montgomery*, 202 So. 3d 627, 632 (¶15) (Miss. Ct. App. 2016). Our Court has recognized that "[a] successive motion directed to the same judgment is ineffectual." *London & Stetelman Inc. v. Tackett*, 308 So. 3d 445, 454 (¶27) (Miss. Ct. App. 2020) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)). Because Knox did not file a timely appeal from the November 4, 2023 order of dismissal or the February 1, 2024 order, we have no jurisdiction over those judgments.

¶10. Construing Knox's February 8, 2024 motion to amend the judgment as a Rule 60(b) motion, "[t]he appeal from [a court's] denial of a Rule 60(b) motion brings up for review only the order of denial itself and not the underlying judgment." *Stevens v. Wade*, 214 So. 3d 301, 304 (¶11) (Miss. Ct. App. 2017) (internal quotation marks omitted). Unfortunately, the circuit court's March 6, 2024 order was not in the record; so this Court, on its own motion, requested that the clerk supplement the record. The circuit clerk responded that the order was a "TEXT ONLY" docket entry; thus, no other written order exists for this Court

5

to review.

¶11.     Notwithstanding, "Rule 60(b) motions should be denied when they are merely an attempt to relitigate a case." *City of Jackson v. Jackson Oaks Ltd. P'ship*, 860 So. 2d 309, 313 (¶13) (Miss. 2003). Knox's motion sought reconsideration of the court's denial of her motion to set aside the order of dismissal, arguing her May 17, 2023 motion was a filing of record that should have forestalled dismissal under Rule 41(d). "Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits." *TM Wood Prods. v. Marietta Wood Supply Inc.*, 305 So. 3d 1116, 1122 (¶25) (Miss. 2020) (quoting *Bruce v. Bruce*, 587 So. 2d 898, 903 (Miss. 1991)). "Such relief may only be granted if the judgment should be set aside for one of the grounds listed in Rule 60(b), such as fraud, misrepresentation, misconduct, accident or mistake. It must appear from the record that there is sufficient evidence to support a claim under Rule 60(b)." *Klein v. McIntyre*, 966 So. 2d 1252, 1257 (¶17) (Miss. Ct. App. 2007) (citing *Askew v. Askew*, 699 So. 2d 515, 520 (¶22) (Miss. 1997)). To the extent that Knox is attempting to satisfy the requirements of Rule 60(b), we find she failed to do so.

¶12.     Knox's motion in response to the clerk's notice of dismissal was merely a reactionary step to avoid dismissal of the case. In *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 853-54 (¶23) (Miss. 2018), the supreme court held:

> The first question before this Court is whether this case presents a clear record of dilatory or contumacious conduct on the part of the plaintiff. In reviewing this factor, this Court considers whether the plaintiff's conduct during the litigation was proactive or merely reactionary. *Hillman v. Weatherly*, 14 So. 3d 721, 727 (Miss. 2009) (finding a clear record of delay where plaintiff did not respond to discovery until both the defendant and the circuit clerk had filed

6

motions to dismiss for want of prosecution). While there is no set time limit to prosecute [a] lawsuit, the cases in which this Court has affirmed the dismissal of a complaint for failure to prosecute often feature a substantial period of delay that clearly evinces the plaintiff's prolonged failure to pursue its claims. *See Manning v. King's Daughters Med. Ctr.*, 138 So. 3d 109, 116 (Miss. 2014) (plaintiff took no action for two years after filing her complaint, failed to respond to discovery, and took more than a year to respond to the defendant's motion to dismiss).

In *Smith v. West*, 385 So. 3d 1276, 1279-80 (¶¶12, 14) (Miss. Ct. App. 2024), this Court affirmed a circuit court's dismissal of a case for failure to prosecute, noting "several periods of inaction throughout this case, which demonstrate a clear record of delay."[4] While we concede that there are some distinguishable facts in *Smith*, as the dissent states, our Court unanimously concluded in *Smith* that the plaintiff's filing of an "agreed order setting trial and a scheduling order" did not constitute an action of record but was "clearly reactionary to the second threat of dismissal." *Id*. at 1279 (¶11). The circuit court reasoned in the order of dismissal, a plaintiff's motion to leave his case on the docket that was filed in response to the clerk's Rule 41 notice "simply does not suffice as an 'action of record,'" nor was "his online request for a trial setting." *See Scott*, 374 So. 3d at 1277 (¶¶28-29).

---

[4] We noted in *Smith*:

The first delay was a nine-month period of inaction from August 2015 to May 2016, when an agreed order setting trial was filed. The second delay was a fifteen-month period of inaction from February 2018 to May 2019, when the first Rule 41 notice was filed. After the court filed an order allowing the case to stay on the docket, there was a third period of inaction for almost two years before a new scheduling order was finally filed. The fourth delay was a fifteen-month period of inaction from August 2021 to November 2022, when the second Rule 41 notice was filed.

*Smith*, 385 So. 3d at 1279 (¶12).

¶13.    Accordingly, we affirm the circuit court's order denying Knox's Rule 60(b) motion to alter the judgment.

¶14.    **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. LAWRENCE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS AND McDONALD, JJ.; McCARTY, J., JOINS IN PART.**

**LAWRENCE, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶15.    I respectfully disagree with the majority's finding that Knox's motion for a trial date and a scheduling order was "merely a reactionary step to avoid dismissal of the case" for want of prosecution. *See ante* at (¶12).

¶16.    On May 9, 2023, the Pontotoc County Circuit Court Clerk filed a "motion dismissing case for want of prosecution" in accordance with Rule 41 of the Mississippi Rules of Civil Procedure.[5] The Clerk's notice included language that explained the case "will be Dismissed for Want of Prosecution on or before June 30, 2023, unless [a]n order of a Circuit Court Judge is entered in the Court and good cause is shown why it should be contained as a pending case." Approximately one week later, on May 17, 2023, Knox's attorney filed a motion requesting a trial date and a scheduling order, stating that Knox's "counsel has contacted the [c]ourt for available trial dates" and that an agreed scheduling order would be prepared "[u]pon reaching an agreement with counsel opposite on a trial date."

¶17.    The majority stated that Knox's motion was "merely a reactionary step to avoid

---

[5]    While titled as a "motion" to dismiss, the filing effectively served as a notice of dismissal. *See* M.R.C.P. 41(d) (requiring "notice" for "[d]ismissal on Clerk's [m]otion").

8

dismissal of the case" and then cites *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 853-54 (¶23) (Miss. 2018). I do not agree that a motion to set a trial date and for a scheduling order should be classified as "reactionary." The majority also relies on this Court's recent unanimous decision in *Smith v. West*, 385 So. 3d 1276 (Miss. Ct. App. 2024). While I see minor similarities between the two cases, they are quite distinguishable.

¶18. In *Smith*, the plaintiff faced **two** separate motions to dismiss under Rule 41 throughout the pendency of her case. *Id.* at 1277-78 (¶¶4-6). Here, this was the one and only clerk's motion to dismiss. In *Smith*, this Court recognized that there were "several periods of inaction" before the case was finally dismissed. *Id.* at 1279 (¶12). The period of inaction in Knox's case occurred only once, after the defendants filed a motion to compel, which was never ruled on by the circuit court.

¶19. Finally, in *Smith*, this Court referred to an "action of record" as "one that advances the case to judgment." *Id.* at 1278-79 (¶10). We held that the plaintiff's filing of "a motion to remain on the active docket" was reactionary and insufficient to be categorized as an "action of record[.]" *Id.* at 1277, 1279 (¶¶6, 11). In this case, Knox filed a motion for a trial date and a scheduling order. Those two requests are designed to move a case forward and set a trial date, which certainly attempted to "advance" her case to judgment. *Id.* at 1279 (¶10). The factual circumstances in *Smith* were more dilatory.

¶20. In sum, the Rule 41 process of notifying plaintiffs that their case will be dismissed unless an "action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case" creates what I interpret to be an

inherent call-to-action for the plaintiff. M.R.C.P. 41. If filing a **motion for a trial date** and a **scheduling order for trial** is not enough to be considered an "action of record" under Rule 41, I am not sure what would suffice. *Smith*, 385 So. 3d at 1278-79 (¶10). I would also note that we are required by our Rules of Civil Procedure to construe the rules "to secure the just, speedy, and inexpensive determination of every action." M.R.C.P. 1. I admit Rule 41 is designed to ensure litigation is resolved in a "speedy" manner. However, interpreting a motion for a scheduling order and trial date as reactionary and not as an action of record to move a case forward certainly appears devoid of justice. In other words, classifying the lawyer's attempt at making the case active as reactionary does not seem to comport with a "just" interpretation.

¶21. Additionally, "the law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly." *Shepard v. Prairie Anesthesia Assocs.*, 86 So. 3d 922, 926 (¶17) (Miss. Ct. App. 2011) (quoting *Am. Tel. & Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178, 180 (¶12) (Miss. 1998)). "In considering which cases should be pruned from the docket pursuant to Rule 41(d), the trial court[,] in using its discretion[,] should employ a balancing concept." *Cucos Inc. v. McDaniel*, 938 So. 2d 238, 243 (¶14) (Miss. 2006) (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 785 So. 2d 779, 787 (La. 2001)). "The [c]ourt must weigh the great social interest in provision of every litigant with his day in court and the **attempt to not deprive the plaintiff of that opportunity for technical carelessness or unavoidable delay against the purpose of the Rule**[, which is] . . . achievement of the orderly expedition of justice and control by the trial court of its own

docket." *Id.* (emphasis added) (citing *Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990)). I do not defend or excuse a delay in pushing litigation forward in any case. My concern here is the labeling of a "motion for trial date and scheduling order" as "reactionary" and the rise in quantity of Rule 41 dismissals regularly appearing in this Court. Each time one appears, another litigant has lost the one and only chance to resolve his legal grievance as a result of "technical carelessness" or what may be "unavoidable delays" just as the Mississippi Supreme Court has warned.

¶22. Finally, more concerning is the circuit clerk's motion to dismiss under Rule 41. The clerk's motion stated as follows:

> Pursuant to Rule 41 of Mississippi Rules of Civil Procedure, notice is hereby given that no action of record has been taken during the [prec]eding twelve months in the above styled and numbered case, and that it will be Dismissed for Want of Prosecution on or before June 30, 2023, **unless [a]n order of a Circuit Court Judge is entered** in the Court and good cause is shown why it should be contained as a pending case.

(Emphasis added). That motion does not appear consistent with the language of Rule 41, which reads:

> In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution **unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case.** If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.

M.R.C.P. 41 (emphasis added). Rule 41 directs that an "action of record" is sufficient to overcome dismissal, but the appellate courts have added a new requirement that the action

11

of record cannot be "reactionary." The rule contemplates and encourages reactionary filings, yet we affirm trial court dismissals when a party does exactly what the rule requires. The entire purpose of the clerk noticing a Rule 41 dismissal is to encourage the parties to act, warning that should they fail to do so, their case will be dismissed.

¶23. Further, the clerk's motion appears to add the requirement that the litigant must obtain a court order from the "circuit court judge" to remain on the docket. This requirement is not mandatory in Rule 41. The Rule clearly states that unless "**action of record is taken or an application in writing is made to the court and good cause [is] shown why it should be continued as a pending case**[,]" the court will dismiss the case for want of prosecution. An order by the "circuit court judge" maintaining the case on the active docket is neither mentioned nor required. I worry that our interpretation of Rule 41 dismissals has become too routine and commonplace—unforgiving toward lawyers and judges who are extremely busy with overcrowded schedules and dockets. For that reason, I respectfully dissent in part.

**WESTBROOKS AND McDONALD, JJ., JOIN THIS OPINION. McCARTY, J., JOINS THIS OPINION IN PART.**