# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00632-COA

**HENRY MARQUAR**                                                                    **APPELLANT**

**v.**

**BRIAN C. SCHWEDA**                                                                    **APPELLEE**

DATE OF JUDGMENT:                      03/12/2019
TRIAL JUDGE:                                   HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:    HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         HENRY MARQUAR (PRO SE)
ATTORNEY FOR APPELLEE:            DAVID P. SULLIVAN
NATURE OF THE CASE:                   CIVIL - CONTRACT
DISPOSITION:                                 AFFIRMED - 03/16/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     Henry Marquar appeals from the Hancock County Circuit Court's judgment dismissing his complaint for breach of contract. On appeal, Marquar asserts the following assignments of error: (1) the trial court erred in refusing to allow Marquar to amend his complaint to add a party; (2) the trial court erred by holding a bench trial instead of a jury trial; (3) the trial court improperly transferred venue from Hancock County to Harrison County with no petition from either party; (4) the trial court erred by failing to hold a pre-trial conference; (5) the trial court erred in holding a trial despite the failure to set the case on the trial docket and despite Marquar not receiving all requested discovery; and (6) the trial court erred in not ordering the record to be supplemented with missing evidence.

¶2.    After our review, we find the trial court did not err in dismissing Marquar's case with prejudice.  We therefore affirm the trial court's judgment.

**FACTS**

¶3.    Marquar filed a complaint for breach of contract against Brian Schweda, in his individual capacity.  Marquar alleged that he and Schweda entered into an agreement for Schweda to purchase Marquar's metal recycling and auto salvage parts business, Gulf Coast Recyclers LLC (Gulf Coast Recyclers).  In his complaint, Marquar set forth the alleged terms of the agreement; namely, that Schweda agreed to lease Marquar's property for the amount of $2,000 per month and agreed to purchase Marquar's business license for $20,000.  Marquar claimed that he prepared a standard lease and purchase contract that detailed the entire agreement.  However, Marquar admitted in the complaint that Schweda never reviewed or signed the written agreement.  Marquar attached a document titled "Commercial Lease Agreement" to his complaint as Exhibit A.  This agreement was dated June 1, 2014.  The agreement was not signed by Marquar or Schweda.

¶4.    Marquar alleged that Schweda began operating his business on Marquar's property in June 2014.  Marquar claimed that during the ten-month period that Schweda operated this business, Schweda used Marquar's Hancock County business permit and Marquar's property, but Schweda never made any payments to Marquar.  Marquar stated that Schweda agreed to install a seventy-foot truck scale at his own expense, and Schweda brought in an excavator to help with digging the foundation.  However, Marquar claimed that Schweda refused to

2

complete the installation of the truck scale. Marquar stated that Schweda closed his business without any notice to Marquar. As a result, Marquar filed a number of liens on the scale and excavator. In his complaint, Marquar sought the following damages: $20,000 plus 8% interest for use of his scrap metal license; $48,000 plus 8% interest for 24 months of rent; $15,000 to complete or remove the truck scale; $10,000 for the use of Marquar's scale and forklift; $2,000 to repair damage to the building caused by one of Schweda's drivers; $8,000 to repair damage to a slab; and an undetermined amount to remove contaminated soil.

¶5. Schweda filed his amended answer and counterclaim[1] on December 16, 2015. Schweda asserted that Marquar "failed to perform conditions precedent for the lease" and that no written lease agreement was ever executed between the parties. He alleged that Marquar wrongfully converted Schweda's excavator and caused damage to it. Schweda also alleged that Marquar damaged the truck scale, leaving Schweda unable to operate the scale or operate his business.

¶6. On January 27, 2016, Marquar filed a "motion for leave to amend his complaint pursuant to [Mississippi Rule of Civil Procedure] 15(a), [Mississippi Rule of Civil Procedure] 20(a) and [Mississippi Rule of Civil Procedure] 15(d)." In his motion, Marquar requested permission "to add Stella Pierson as a plaintiff to [the] action" pursuant to Rule 20(a). Marquar explained that Pierson was his business partner, and she owned half of Gulf Coast Recyclers until Marquar sold the business to Schweda. Marquar alleged that Pierson

---

[1] Schweda eventually withdrew his counterclaim.

3

"remains unpaid for her half of the sale of the business plus interest since [Schweda] never remitted the agreed upon sale price of $20,000 for the purchase of the business."

¶7.     On February 3, 2016, the trial court entered an order denying Marquar's motion as untimely filed.  The trial court explained that pursuant to the August 18, 2015 scheduling order, all motions to join additional parties had to be filed by September 18, 2015.

¶8.     The trial court held a bench trial in the matter on August 10, 2018.  At trial, Marquar claimed that he and Schweda entered into a handshake agreement for the purchase of Marquar's property and business license.  During cross-examination, Marquar admitted that he had no lease agreement with Schweda or his business, Quick Recovery of Mississippi Incorporated (Quick Recovery).

¶9.     As for his alleged damages, Marquar introduced one exhibit, a document titled "Statement."  The document, dated December 1, 2015, is an invoice purportedly from one of Marquar's businesses, Southern Auto Salvage, to Schweda's business, Quick Recovery of Mississippi Incorporated ("Quick Recovery").  The invoice listed out a total amount of damages as $198,000 and itemized the alleged damages.  However, during cross-examination, Marquar admitted that he "made up" the rental amount, created numbers, and put the numbers on the invoice in December 2015, nearly seven months after filing his complaint.  Marquar also admitted that he never presented the invoice to Schweda or anyone from Quick Recovery prior to filing his complaint.

¶10.    At trial, Schweda argued that Marquar was never an owner of Gulf Coast Recyclers,

4

and therefore Marquar lacked standing to file the complaint. During cross-examination, Schweda presented Marquar with a number of documents regarding the corporate entities involved in this case. The first exhibit, D-1, showed that Pierson formed Gulf Coast Recyclers on May 18, 2012. The record reflects that at the time of filing the registration papers for the company and in subsequent annual reports, Pierson was listed as both the registered agent and the manager of the LLC, and she was the only person associated with the entity. Marquar stated that although he viewed himself and Pierson as partners and co-owners of the business, "there is nothing written down." Marquar also admitted that Southern Auto Salvage is not a corporation—just a name he uses for doing business. Marquar also admitted that he had never incorporated the business or registered the name Southern Auto Salvage.

¶11.   Schweda further argued that Marquar sued the wrong party—instead of suing Quick Recovery, Marquar filed suit against Schweda as an individual. Marquar admitted that he did not sue Quick Recovery. Marquar also admitted, and the record confirms, that the alleged unsigned lease was between Marquar and Schweda, as an individual, and that each of the liens filed in this case were against Schweda as an individual.

¶12.   Pierson also testified at trial. Pierson stated that beginning in 2012, she ran a scrap business with Marquar. Pierson stated that she and Marquar were business partners and that she "was . . . a half owner" of Gulf Coast Recyclers. Pierson stated that she thought Marquar's name was on the certificate of formation. However, she acknowledged that she

did not possess any evidence to support Marquar's ownership or involvement in Gulf Coast Recyclers.

¶13. At the conclusion of the trial, Schweda moved for a directed verdict. The trial court ruled that it would hold the motion in abeyance.

¶14. On February 16, 2019, the trial court entered its findings of fact and conclusions of law and dismissed Marquar's case with prejudice.[2] The trial court found that Marquar "has no standing and sued the wrong party," explaining that Marquar sued Schweda as an individual, not as Quick Recovery doing business as Gulf Coast Recyclers. The trial court observed that Schweda took steps to insulate his individual liability in the matter by forming Quick Recovery and then registering the fictitious name of Gulf Coast Recyclers so that Quick Recovery could do business as Gulf Coast Recyclers. The trial court stated that the date of the purported lease was June 1, 2014, and that at that time, Schweda had already formed Quick Recovery. As a result, "Schweda would not have been the proper party to enter into the lease agreement and not the proper party to seek relief against." The trial court therefore held that Marquar could not recover against Schweda as an individual because a plaintiff cannot maintain a contract action against someone who is not a party to the action or in privity with it. (Citing *Burns v. Washington Savings*, 251 Miss. 789, 171 So. 2d 322, 324 (1965)). The trial court cited to *D.P. Holmes Trucking LLC v. Butler*, 94 So. 3d 248, 252 (¶11) (Miss. 2012), and clarified that "Marquar simply sued the wrong defendant. . . . This

_____

[2] The trial court entered its final judgment on March 12, 2019.

6

is not a case of mistaken identity or a misnomer. Mr. Marquar was aware of Quick Recovery but chose to sue Schweda individually."

¶15. The trial court further found that Marquar lacked standing to sue Schweda's business on behalf of Gulf Coast Recyclers. The trial court determined that although Marquar claimed an ownership interest in Gulf Coast Recyclers, "[h]e provided no proof other than his testimony at trial." The trial court stated that the only evidence presented as to the ownership as Gulf Coast Recyclers showed that Pierson was the sole owner. The trial court acknowledged Marquar's attempt to join Pierson as a party to the suit, but the trial court held that Marquar made this attempt "well beyond the deadline." The trial court stated that "Pierson is not a party to this suit, nor is Gulf Coast Recyclers the properly named plaintiff. Neither Pierson nor Gulf Coast Recyclers joined in the claim by Marquar."

¶16. The trial court also found that Marquar failed to prove the existence of a valid, enforceable oral contract. The trial court recognized that Marquar, as the party asserting the breach of contract claim, bore the burden of proving by a preponderance of the evidence "(1) the existence of a valid and binding contract, . . . (2) that the defendant has broken, or breached it, and (3) that he or she has been thereby damaged monetarily." (Quoting *Business Communications Inc. v. Banh*, 90 So. 3d 1221, 1224-25 (¶10) (Miss. 2012)). The trial court held that "[i]n this case, Marquar is resting his entire claim on a handshake between he and Mr. Schweda. This agreement is simply not enforceable as alleged." The trial court determined, "It is clear from the course of conduct of the parties that there was an agreement

to do business in the future, contingent on the installation of the scale and the existence a viable business operation. The evidence shows that these items were conditions before execution of a written contract." The trial court stated that Pierson testified and acknowledged that Quick Recovery lost money and that the scale was never operational. The trial court reiterated that "[t]he installation of the drive-across scale was a condition precedent to the contract. As admitted by Marquar and Pierson, the scale was never fully installed."

¶17. Finally, the trial court determined that because Marquar sued the wrong party and lacked standing to sue as Gulf Coast Recyclers and because Marquar failed to show that a valid, enforceable contract existed, "the issue of damages need not be addressed." Nevertheless, the trial court found that Marquar failed to carry his burden to show that he suffered any damages. The trial court acknowledged that Marquar created invoices and then filed suit on the invoices; however, the trial court stated that Marquar admitted that he never gave Schweda any of the invoices. The trial court found that Marquar "offered no actual proof of damages in this case other than his subjective opinions as to costs and values."

¶18. The trial court then determined that because Marquar cannot prove any damages, "the excavator belonging to the non-party Quick Recovery . . . should be released to [Schweda]."

¶19. Marquar appealed from the trial court's final judgment.

**DISCUSSION**

¶20. Marquar's appeal does not specifically attack the trial court's findings of fact or

8

conclusions of law on the merits. Instead, Marquar centers his assignments of error on the following procedural issues: (1) the trial court erred in refusing to allow him to join Pierson as a party; (2) the trial court erred by holding a bench trial instead of a jury trial; (3) the trial court improperly transferred venue from Hancock County to Harrison County with no petition from either party; (4) the trial court erred by failing to hold a pre-trial conference; (5) the trial court erred in holding a trial despite the failure to set the case on the trial docket or send out a notice of trial and despite Schweda's failing to provide Marquar with all requested discovery; and (6) the trial court erred in not ordering the record to be supplemented with missing evidence. After our review, we find that Marquar's assignments of error are waived, procedurally barred, or without merit.

## I.    Joinder

¶21.    Marquar first argues that the trial court erred by refusing to allow him to add Stella Pierson as a party in the matter. We review cases involving issues of joinder of parties for an abuse of discretion. *Ill. Cent. R.R. Co. v. Gregory*, 912 So. 2d 829, 833 (¶5) (Miss. 2005).

¶22.    The record reflects that Marquar filed a motion for leave to amend his complaint on January 27, 2016, seeking to add Pierson as a party on the premise that all persons may join in an action if they assert the same right to relief. In support of his motion, Marquar cited to Mississippi Rules of Civil Procedure 15(a), 20(a), and 15(d). Rule 20(a) states, in pertinent part, that "[a]ll persons may join in one action as plaintiffs *if they assert any right to relief* jointly, severally, or in the alternative in respect of or arising out of the same

transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." (Emphasis added). However, the record reflects that Pierson never asserted any right to relief.[3]

¶23. Furthermore, the record reflects that Marquar filed his motion to amend outside the time limit set by the trial court's scheduling order; as a result, the trial court entered an order denying Marquar's motion as untimely.[4] In its order, the trial court explained that pursuant to the scheduling order entered on August 18, 2015, "All motions to amend or motions to join additional parties, if any, shall be filed on or before September 18, 2015." Marquar filed his motion to add Pierson as a party on January 27, 2016, well past the deadline for joining additional parties.

¶24. We recognize that "[o]ur trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases." *Bowie v. Montfort Jones Mem'l Hosp*., 861 So. 2d 1037, 1042 (¶14) (Miss.

---

[3] The advisory committee notes to Rule 20 clarify that

Rule 20(a) imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by or against each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or the same series of transactions or occurrences; and (2) some question of law or fact common to all the parties will arise in the action. *Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)*.

(Emphasis added).

[4] Marquar did not attempt to bring an interlocutory appeal on this issue.

2003). "Our trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril." *Id*. After our review, we find that the trial court did not err in denying Marquar's motion to add Pierson as a party.

## II. Bench Trial

¶25. Marquar also argues that the trial court erred in holding a bench trial instead of a jury trial. In his brief, Marquar asserts that he "properly demanded a jury trial when filing his complaint."

¶26. However, our review of Marquar's complaint in the record reflects no demand or request for a jury trial. Additionally, the record contains email correspondence between Marquar's counsel, Schweda's counsel, and the court administrator discussing trial dates. In the correspondence, Schweda's counsel stated that he was "agreeable to a bench trial."[5] The correspondence reflects no objection from Marquar's counsel. In fact, Marquar's counsel responded with dates that he was available for trial. Furthermore, the trial transcript reflects the following dialogue between the trial judge and counsel for the parties at the commencement of the trial:

---

[5] In his reply brief, Marquar acknowledges this correspondence. However, Marquar argues that "[n]owhere in the record is there one shred of evidence that [I] agreed to a bench trial, because [I] did not." Marquar appears to mis-read the statement from Schweda's counsel stating that Schweda was "agreeable to a bench trial." Our review of the email correspondence reflects that "the Defendant" (Schweda), and not Marquar, was agreeable to a bench trial.

| | |
|---|---|
| THE COURT: | We're here this morning on a bench trial in the first district courthouse by agreement of the parties at the last status conference or motion hearing date, I think it was back in Biloxi in May. So are the parties ready to proceed on behalf of the plaintiff? |
| [Counsel for Marquar]: | We're ready, Your Honor. |
| THE COURT: | On behalf of the defendant? |
| [Counsel for Schweda]: | Yes, sir, Judge, we're ready. |
| THE COURT: | Do we need to take up anything pretrial? |
| [Counsel for Marquar]: | I don't think so, Your Honor, we're ready to go ahead and proceed. |

The trial court stated on the record that the parties agreed to a bench trial, and Marquar's counsel did not object to or raise an issue with this statement.

¶27. The Mississippi Supreme Court has held, "When a party fails to demand a jury trial and proceeds to try the case to the bench, the party, having failed to exercise the jury trial right in a timely manner, forfeits the right to complain." *Rolison v. Fryar*, 204 So. 3d 725, 733 (¶16) (Miss. 2016). Accordingly, we find that Marquar waived his argument as to this issue on appeal.

### III. Venue

¶28. Marquar next argues that the trial court erred by improperly transferring venue from Hancock County to Harrison County. Marquar maintains that neither party filed a petition requesting a transfer of venue.

12

¶29.    The record reflects that at no point during the proceedings below did Marquar object or raise the issue of improper venue. The supreme court has stated that a party may waive an objection to improper venue by failing to timely raise it. *Lewis v. Pagel*, 233 So. 3d 740, 747 (¶28) (Miss. 2017); *see also U.S. Bancorp v. McMullan*, 183 So. 3d 833, 835 (¶10) (Miss. 2016) ("A party can waive the defense of improper venue in multiple ways. The most certain is to fail to plead it."). The record shows that Marquar participated in the litigation below before raising his venue objection on appeal. Additionally, the record contains email correspondence from the trial judge's court administrator providing the dates of the trial judge's availability for trial in Hancock County, as well as his availability for trial in Harrison County. Marquar's trial counsel responded in an email stating that he was available for the trial date listed in Harrison County. "Therefore we find that [Marquar] has waived his objection to venue by litigating in Harrison County." *Lewis*, 233 So. 3d at 748 (¶35).

### IV.    Pre-trial Conference

¶30.    Marquar asserts that the trial court erred by failing to hold a pre-trial conference and failing to set the trial date on the trial docket. Marquar fails to provide any case law in support of these claims, stating in his brief that no case law could be found addressing these issues. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Arrington v. State*, 267 So. 3d 753, 756 (¶9) (Miss. 2019) (internal quotation marks omitted). We therefore find that Marquar's arguments regarding these issues are procedurally barred. Furthermore, the record reflects that Marquar failed to file a motion

requesting a pre-trial conference. *See* M.R.C.P. 16 ("In any action the court may on its own motion or on the motion of any party, and shall on the motion of all parties, direct the attorneys for the parties to appear before it at least twenty days before the case is set for trial for a conference . . . .").

## V. Discovery Issues

¶31. Marquar also claims that the trial court erred by holding a trial despite Schweda's failing to provide Marquar with all requested discovery. Marquar maintains that he filed several discovery-related motions that the trial court failed to rule on, including a motion requesting an order deeming Marquar's request for admissions admitted, a motion striking Schweda's amended answer for late filing of responses to Marquar's interrogatories and requests for admissions, and a motion to compel discovery and for sanctions.

¶32. Rule 2.04 of the Uniform Civil Rules of Circuit and County Court Practice is clear that the movant possesses the duty to "pursue" a motion or pleading and obtain a ruling by the trial court. UCRCCC 2.04. The rule further cautions that the "[f]ailure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion." *Id.*; *see also Ramsey v. Auburn Univ.*, 191 So. 3d 102, 112 (¶37) (Miss. 2016) ("The affirmative duty to obtain a ruling on a motion rests upon the party filing the motion to follow up his action by bringing it to the attention of the trial court. . . . A motion that is not ruled upon is presumed abandoned."). We therefore find that because Marquar failed to obtain rulings on his motions, "he abandoned his discovery argument" on appeal. *Ramsey*,

191 So. 2d at 112 (¶37).

## VI. Deficiencies in the Record

¶33. Finally, Marquar asserts that the trial court erred in not ordering the trial record to be supplemented with missing evidence. On September 9, 2019, Marquar filed a motion pursuant to Mississippi Rule of Appellate Procedure 10 requesting that the trial court correct and supplement the record on appeal.[6] Marquar specifically requested the trial court supplement the record with the complete court calendar for the trial judge, including all motion hearing dates, pre-trial conference dates, discovery dates, and trial dates. Marquar stated that he needed this information in order to show the following: "when and by whom the jury trial was changed to a bench trial[;] [w]hen and by whom the venue was changed[;] [and] [w]hen and by whom the trial date was set." Marquar also requested the following: (1) Schweda's discovery responses, which Marquar claims he never received; (2) missing pages from trial exhibit 12, which consisted of the profit and loss statement prepared by Pierson; and (3) missing pages from trial exhibit 3, which contained the lease agreement.[7]

¶34. On September 19, 2019, the supreme court entered an order directing the trial court to "enter an order as to whether the subject documents were before that court in the manner suggested by Marquar and, if so, supplement the record accordingly."

---

[6] The record reflects that Marquar first filed this motion, as well as two similar motions, in the trial court.

[7] As explained by Schweda, the lease agreement is actually contained in the record as an attachment to Marquar's complaint.

15

¶35. On October 10, 2019, the trial court filed its order in response. In the order, the trial court stated that it "has reviewed the appeal record compiled by the Hancock County Circuit Clerk and compared it to the documents Marquar describes in his motion. The [c]ourt also directed its official court reporter to confirm that all exhibits marked and received into evidence were transferred to the circuit clerk." As to Marquar's request for the trial court calendar, the trial court explained that "no separate court calendar exists." However, the trial court stated that "the Court believes that an additional docket sheet should be made part of the appellate record." The trial court explained that "[t]his docket sheet was created by the court administrator using the MEC within Harrison County's MEC system." Our review shows that this document was filed as part of the appellate record on October 17, 2019. This document reflects that on May 14, 2018, the trial court held a hearing on Marquar's motion for sanctions and to dismiss.

¶36. As to Marquar's request for Schweda's discovery responses, the trial court explained that "[b]y rule, the parties do not file their discovery requests or responses with the court unless made part of a particular pleading," citing Mississippi Rule of Civil Procedure 5(d). However, the trial court determined that "[t]he appeal record contains all pleadings, exhibits to pleadings, orders and all filings received by the Hancock County Circuit Clerk."

¶37. With regard to Marquar's request to supplement the record with the missing pages from trial exhibits 3 and 12, the trial court found that both exhibits were entered into evidence without objection by Marquar's counsel. The trial court judge stated that he "has

16

confirmed with the court reporter" that both of these physical exhibits were properly marked and received into evidence as the entirety of the exhibit. The trial court further stated that the exhibits were then transferred to the circuit clerk, "and no pages are missing from the trial exhibit."

¶38. The trial court next addressed Marquar's "itemiz[ation of] certain 'omissions' of filings, orders and/or notices on the subject of venue and bench trial." The trial court explained that all filed motions were included in the appeal record and that the absence of any motion with regard to the change of venue or waiving a jury trial "indicates that no such motion was filed." The trial court further explained that the August 2018 bench trial was not set by the trial court; rather, it "only occurred as agreed upon by the lawyers . . . conferring with each other to secure an agreed upon trial date when the [c]ourt was available." The trial court stated that regardless, Marquar's claim of error regarding the bench trial was "meritless" because "Marquar was represented by counsel, and the parties had already agreed to a bench trial." Additionally, as stated above, at the commencement of the bench trial, the trial court made an announcement regarding the bench trial, and Marquar's counsel stated that he was ready to proceed and had no pre-trial matters to discuss.

¶39. On October 28, 2019, Marquar responded to the trial court's order and filed another motion to correct and supplement the record. Marquar claimed that documents were still missing from the appellate record. In response, the supreme court entered an order determining that Marquar "essentially seeks reconsideration" of the trial court's October 10,

17

2019 order, "along with further supplementation and correction of the record." The supreme court then remanded the matter to the trial court with instructions to treat Marquar's motion as one for reconsideration of the trial court's October 10, 2019 order "and to determine whether further supplementation and/or correction of the record is necessary."

¶40. On December 3, 2019, the trial court entered an order denying Marquar's motion to correct or supplement the record. In response to the supreme court's order, the trial court treated the motion as a Rule 60(b) motion for reconsideration. The trial court determined that Marquar failed to meet the requirements of Mississippi Rule of Civil Procedure 60(b), explaining that "reconsideration under the rule is not appropriate." The trial court stated that "Rule 60(b) motions are reserved for 'exceptional circumstances,' and a party is not entitled to relief simply because he is unhappy with a[n] [order]. Moreover, '[a] Rule 60(b) motion should be denied where it is merely an attempt to relitigate a case.'" (Citing *McNeese v. McNeese*, 119 So. 3d 264, 272 (Miss. 2013)).

¶41. The trial court determined that Marquar wanted the trial court to expand the trial record beyond its initial designation by Marquar's counsel to include documents, docket entries, discovery materials, and transcripts that either were not designated as part of the record or did not exist. As to trial exhibits 3 and 12, the trial court explained that "[t]here is no way for this [c]ourt to include exhibits that are not part of the trial record without reopening the lawsuit, obtaining additional testimony and allowing plaintiff a partial 'do over' with regard to those exhibits." The trial court ultimately held that "this [c]ourt is

18

satisfied that all pleadings and documents filed of record, all docket entries and the trial transcript have been properly transmitted to the supreme court as the properly designated record on appeal."

¶42. The record reflects that Marquar did not file a notice of appeal from the trial court's December 3, 2019 order denying his motion for reconsideration. As a result, Marquar "is procedurally barred from appealing these issues due to his failure to preserve the [trial court's] denial of his Rule 60(b) motion on appeal." *Howard v. Gunnell*, 63 So. 3d 589, 598 (¶18) (Miss. Ct. App. 2011) (citing M.R.A.P. 3(c)); *see also Pruett v. Malone*, 767 So. 2d 983, 985 (¶10) (Miss. 2000) ("The order denying a motion to reconsider is a final judgment for purposes of appeal."). Because "[Marquar] failed to file a timely notice of appeal from the circuit court's judgment denying his Rule 60(b) motion, so we lack jurisdiction to review that judgment." *Canerdy v. Montgomery*, 202 So. 3d 627, 633 (¶19) (Miss. Ct. App. 2016).

¶43. After our review, we find the trial court did not err in dismissing Marquar's case with prejudice. We therefore affirm the trial court's judgment.

¶44. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**